## FIELD v. LOCAL 652 UAW AFL-CIO.

1. LABOR RELATIONS—EMPLOYEE SUITS—EXHAUSTION OF CONTRACT REMEDIES.

An employee may not resort to the courts to enforce his rights under collective bargaining contract before he has exhausted whatever remedies he may have under a grievance procedure established in the contract.

2. SAME—EMPLOYEE SUITS—EXHAUSTION OF CONTRACT REMEDIES.

The union must be given the opportunity to act on behalf of an aggrieved employee before the employee may resort to the courts, unless the contract provides otherwise.

3. SAME—PUBLIC POLICY—GRIEVANCE PROCEDURE.

Public policy demands that courts should not review the merits of the grievance of an employee where the parties have established their own administrative remedy, and the collective bargaining process should not be sacrificed because a court sympathizes with the plight of an individual employee.

4. SAME—GRIEVANCES—AUTHORIZED REPRESENTATIVES OF UNION.

The proper exercise of the discretion, vested by a union-management contract to receive, pass upon, and withdraw grievances presented by individual employees, and the interpretation of contract terms in the interest of all of its members is vested in authorized representatives of the union, subject to challenge in the courts after exhaustion of grievance procedure only on grounds of bad faith, arbitrary action, or fraud, and does not constitute an obligation of the union to espouse and support the individual employee's contention at all times.

REFERENCES FOR POINTS IN HEADNOTES

[1–5, 8, 9, 12] 31 Am Jur, Labor §§ 124, 129.
[6, 7] 31 Am Jur, Labor § 62 et seq.
[10] 31 Am Jur, Labor § 329
[11] 34 Am Jur, Limitation of Actions § 106.
  16 Am Jur 2d, Conspiracy § 60.

5. SAME—DUTY OF FAIR REPRESENTATION—FEDERAL LABOR STATUTES.
    A union's duty of fair representation in the grievance process
    is derived not from the collective bargaining contract but is
    implied from the union's rights and responsibilities conferred
    by Federal labor statutes.

6. SAME—GRIEVANCE PROCEDURE—GOOD FAITH—EMPLOYER'S IMMU-
   NITY FROM SUIT.
    An employer who acts in good faith and in accordance with the
    union-management contract's procedure relative to grievances
    should generally be immune from employee's suits, since the
    union agreement is assumed to be binding upon the employees
    and the employer is entitled to assume that the union is acting
    fairly with its members.

7. SAME—EMPLOYER'S IMMUNITY FROM SUIT—GOOD FAITH—BARGAIN-
   ING PROCESS—UNION RESPONSIBILITY.
    The general rule, that an employer should be immune from suits
    by employees in grievance proceedings if it has acted in good
    faith and in accordance with the union contract's procedure, fa-
    cilitates the continuing nature of the bargaining process and
    encourages democracy and union responsibility.

8. SAME—GRIEVANCES—REVIEW—BURDEN OF PROOF—BAD FAITH.
    A disappointed employee who files an action against his union
    and employer, seeking to review their treatment of his grievance
    carries a strong burden of proof that the union acted in bad
    faith, fraudulently, or arbitrarily, and the pleadings must go
    beyond conclusions and state facts sufficient to raise the pre-
    sumption that there has been unfair representation.

9. SAME—JURISDICTION—STATE COURTS—GRIEVANCE PROCEDURES.
    A State court should not take jurisdiction of an action by a
    disappointed employee against his employer and union to review
    their handling of his grievance if such action would weaken
    an established internal procedure for handling grievances.

10. SAME—STATE COURTS—JURISDICTION—INTERSTATE COMMERCE—
    COLLECTIVE BARGAINING AGREEMENTS.
     State courts have jurisdiction to enforce collective bargaining
     agreements, but such courts must follow and apply Federal law
     in such suits.

11. TORTS—LIMITATION OF ACTIONS—LABOR RELATIONS.
     Suits commenced by employee against employer and union for
     damages resulting from alleged conspiracy to deprive employee
     of contract rights under a collective bargaining agreement

more than 3 years theretofore *held,* barred by the statute of limitations, as the complaint alleges a tort (CLS 1956, § 609-.13).

12. Appeal and Error—Labor Relations—Accelerated Judgment —Conspiracy—Exhaustion of Internal Union Remedies—Limitation of Actions.

Order of trial court granting defendants' motion for accelerated judgment and dismissing employee's suit against her employer and union alleging a conspiracy between them to deprive her of her rights under a collective bargaining agreement is affirmed on the grounds that she failed to attempt to exhaust her internal union remedies before seeking recourse to the courts, and that complaint alleged a tort barred by the statute of limitations (CLS 1956, § 609.13; GCR 1963, 116).

Appeal from Ingham; Coash (Louis E.), J. Submitted Division 2 October 4, 1966, at Lansing. (Docket No. 1,463.) Decided February 28, 1967.

Amended complaint by Pauline J. Field against Local 652 UAW AFL-CIO, Local OEIU 393 (formerly Local 1719) AFL-CIO, Clifford Poland, Frank Willoughby, John Haruska, Barbara McCreedy and Forney Sprenkle for damages allegedly resulting from a conspiracy between defendant employer and defendant union to deprive her of contractual rights by improperly processing her grievance, and for loss of wages and medical expenses. Judgment of dismissal for defendants. Plaintiff appeals. Affirmed.

*Warner, Hart, Warner & Timmer (Ronald G. Morgan,* of counsel), for plaintiff.

*Rapaport, Siegrist & Miatech (Joseph F. Sablich,* of counsel), for Local OEIU 393 AFL-CIO, Barbara McCreedy and Forney Sprenkle.

*Stephen I. Schlossberg, John A. Fillion, Bernard F. Ashe, Jordan Rossen,* and *Michael S. Friedman,*

for Local 652 UAW AFL-CIO, Clifford Poland, Frank Willoughby and John Haruska.

McGREGOR, J. Appellant Pauline J. Field was employed by defendant Local 652, UAW AFL-CIO, as a secretary in the local's office, on a part-time basis. There was a collective bargaining agreement between the employer, Local 652, and Local 1719 AFL-CIO (OEIU 393), which represented the clerical employees of Local 652. In August of 1959 or thereabouts, a full-time position with Local 652 became available. The position was not offered to the appellant and was given to someone else. Because she was not offered the full-time job, a grievance was filed on behalf of Pauline J. Field against Local 652, claiming that it, as employer, failed to abide by the terms of the collective bargaining agreement. The grievance never reached the arbitration stage of negotiations.

Appellant contends that the appellees, unions and union officials, conspired to deprive her of her constitutional and contractual rights by improperly processing her grievance. She contends that the conspiracy caused her to have a nervous breakdown which occasioned medical expenses and resulted in a loss of wages, for which she seeks recovery in the present suit.

Appellees filed motions in the lower court for accelerated judgment of dismissal[1] on the grounds that: (1) the court was without jurisdiction of the subject matter; (2) the appellant had not pleaded facts which constituted a claim upon which relief could be granted; (3) appellant had failed to exhaust her internal union remedies before seeking recourse to the courts; and (4) appellant's action,

---

[1] See GCR 1963, 116.—REPORTER.

if a tort action, was barred by the statute of limitations. The court below granted the motions.

Appellant relied upon the constitution and bylaws of the union as a basis for her complaint. The union constitution and bylaws provide that a condition precedent to the maintenance of a court action is the exhaustion of internal union remedies. This is likewise a substantial Federal and State law of collective bargaining. *Knox* v. *Local 900, UAW-CIO* (1960), 361 Mich 257. There is no allegation by the appellant that she attempted, after the bargaining of her grievance, to exhaust the internal union remedies available, such as complaining to the International Union about the misconduct of local officials, nor any excuse for her failure to do so. There is no allegation of a breach of a specific provision of the contract which is necessary for an action in the court. Employees must attempt to exhaust the remedies under an established grievance procedure in a labor contract before they can resort to the courts. *Alarcon* v. *Fabricon Products Division of Eagle-Picher Company* (1966), 5 Mich App 25. *Republic Steel Corp.* v. *Maddox* (1965) 379 US 650 (85 S Ct 614, 13 L ed 2d 580). Mr. Justice Harlan stated in the last quoted citation, at page 652:

"Individual employees wishing to assert contract grievances must *attempt* use of the contract grievance procedure agreed upon by employer and union as the mode of redress. (Footnote citing authorities)."

Appellant had no justiciable issue. As *Maddox, supra,* makes clear, the union must be given the opportunity to act on behalf of the employee, unless the contract provides otherwise. This Court realizes that the individual employee, under the law as it

stands, may be caught in the middle between a powerful union and a powerful employer.

This Court is not unsympathetic with the individual employee who is "caught in the middle" and whose livelihood may be at stake. Public policy, however, demands that the collective bargaining process not be sacrificed because the court sympathizes with the plight of an individual employee. The Court should not review the merits of a grievance where the parties themselves have established their own administrative remedy. The Court should not impose itself upon the relationship between the employee and his union. A similar situation was encountered in *Cortez* v. *Ford Motor Company* (1957), 349 Mich 108, and the court stated (pages 120 and 121):

"The essence of plaintiffs' complaint is really that the union failed to accept plaintiffs' position upon this grievance, namely, that each of them was, under the seniority provisions of the contract, entitled to a job at all of the times concerned, and failed to urge it upon the company through all the steps in the grievance procedure. There is no promise of this nature contained in the contract. On the contrary, the contract makes amply clear that union representatives have discretion to receive, pass upon and withdraw grievances presented by individual employees.

"Our Court has repeatedly held that proper exercise of such discretion over grievances and interpretation of contract terms in the interest of all its members is vested in authorized representatives of the union, subject to challenge after exhaustion of the grievance procedure only on grounds of bad faith, arbitrary action, or fraud."

The point was stated by Philip T. VanZile, II, in his article in the University of Detroit Law Journal, "The Componential Structure of Labor-

Management Contractual Relationships," 43 U Det L. J. 321, 349 (1966):

"All kindred cases, in the final analysis, concern the union's duty of fair representation in the grievance process.   Mr. Justice Goldberg reviewed this as:

" 'A duty derived not from the collective bargaining contract but implied from the union's rights and responsibilities conferred by Federal labor statutes.'[2]

"This is both the realistic and the correct approach.   It places the emphasis where it belongs; that is, on the protection of the fundamental rights of all parties and the prevention of discrimination, arbitrary action, fraud and bad faith."

If the employer acted in good faith and in accordance with a union contract's procedure, he should generally be immune from employee suits.   A union agreement is assumed to be binding upon the employees and the employer is entitled to assume the union is acting fairly with its members.   This general rule facilitates the continuing nature of the bargaining process.   It also encourages democracy and union responsibility.

To allow individual employees to overrule and supersede their union would work havoc in the unions themselves and seriously disturb the field of labor relations.   In order for a court to take such serious steps, a disappointed employee carries a strong burden of proof that the union acted in bad faith, fraudulently, or arbitrarily.   Pleadings must go beyond conclusions and state facts sufficient to raise the presumption that there has been unfair representation.

---

[2] *Humphrey* v. *Moore* (1964), 375 US 335, 356 (84 S Ct 363, 11 L ed 2d 370); concurring opinion, rehearing denied, (1964), 376 US 935 (84 S Ct 697, 11 L ed 2d 655).

Even in cases where there is evidence that an employee has not been fairly represented, the court should not act if such action would weaken an established internal procedure for handling grievances. In a given case, the proper court remedy may be the enforcement of established grievance procedures, such as arbitration by an impartial umpire. Where the employee has not been diligent in seeking relief under the grievance procedure, the courts should be slow to force an employer to negotiate.

State courts have jurisdiction over the subject matter of this suit; however, Federal law must be applied. *Alarcon* v. *Fabricon Products, supra;* *Smith* v. *Evening News Association* (1962), 371 US 195 (83 S Ct 267, 9 L ed 2d 246). The Federal public policy, as illustrated by *Maddox, supra,* is that the policy of negotiations between employer and employee representatives is to be protected and promoted. It is only through dismissing this particular action because of a failure to exhaust administrative remedies that we will be fostering and promoting that Federal policy.

The gravamen of the offense is an alleged conspiracy between all of the appellees to deprive the appellant of her rights under a collective bargaining agreement. As it appears from the pleadings, the original complaint alleges a tort and is barred by the statute of limitations.[3]

The order for dismissal, granted by the trial court upon appellees' motion for accelerated judgment of dismissal is affirmed on the grounds that the appellant failed to attempt to exhaust her internal union remedies before seeking recourse to the courts, and

[3] CLS 1956, § 609.13 (Stat Ann 1959 Cum Supp § 27.605). See, currently, PA 1961, No 236, § 5805(7) (CLS 1961, § 600.5805[7], Stat Ann 1962 Rev § 27A.5805[7]).

that appellant's complaint alleges a tort and is barred by the statute of limitations. Costs to appellees.

QUINN, P. J., and N. J. KAUFMAN, J., concurred.