**Matthew WILLIAMS, Jr., et al.,**
**Plaintiffs,**

v.

**DANA CORPORATION, a Virginia Corporation, Defendant.**

**Civ. No. 34732.**

United States District Court,
E. D. Michigan, S. D.

Dec. 3, 1971.

Matthew Williams, Jr., in pro. per.

Robert J. Battista, Butzel, Eaman, Long, Gust & Kennedy, Detroit, Mich., for defendant.

## MEMORANDUM AND ORDER

THORNTON, District Judge.

Plaintiff here seeks an order "granting plaintiff leave to amend complaint and summons on file herein by adding the United Automobile, Aerospace, and Agricultural Implement Workers of America, International and Affiliated

Local Union No. 2 as an additional Party Defendant." Plaintiff's motion was filed July 15, 1971. It seeks by amended complaint to charge defendant Union with failure to fairly represent him. The alleged action, or lack of action, took place during the years 1965–1967. There is no allegation of any wrongdoing subsequent to the year 1967. As to that year, it appears that any complaint of plaintiff relates to the very early part of it.

Rule 15(c) F.R.Civ.P. reads as follows:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

It is clear that the period for commencing this action against the Union (the Michigan three-year statute of limitations being applicable) terminated by the end of 1970 at the very latest. The United States Supreme Court has said that in the absence of a federal statute of limitations in this kind of case the state statute should be applied. International Union, United Auto, Aerospace and Agriculture Implement Workers of America (UAW) AFL–CIO v. Hoosier Cardinal Corp., 383 U.S. 696, 704–705, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966). A suit commenced in 1971 is not within the period provided by law for commencing the action against said Union. It is to be noted that the claim against the defendant Union is a separate independent cause of action from that against Dana, although the factual background is similar with respect to Dana and the Union. It is also difficult for the Rule 15(c) (2) requirement to be met here. Plaintiff named the Dana Corporation as defendant when he filed suit and does not contend there was any mistake in so naming it. He does not contend either that he did not know the identity of the party he now seeks to add as a party defendant. See United States for Use and Benefit of Statham Instruments v. Western Cas. & Sur. Co. (CA 6th, 1966) 359 F.2d 521.

The Court is at a loss to find a basis for ignoring the language of Rule 15(c) in order to grant plaintiff's motion to add an additional defendant, meritorious though it may be.

It is hereby ordered that plaintiff's motion to amend complaint and to add defendant by plaintiff is denied.