Earl L. SMART, Plaintiff,

v.

ELLIS TRUCKING COMPANY, INC., an Indiana Corporation, et al., Defendants.

Civ. A. No. 74-70514.

United States District Court, E. D. Michigan, S. D.

Feb. 13, 1976.

**130**

George Bashara, Sr., Grosse Pointe Woods, Mich., for plaintiff.

John F. Brady, James P. Hoffa, Detroit, Mich., for defendants.

## MEMORANDUM OPINION

GUBOW, District Judge.

The court has before it Defendants' motions to dismiss Plaintiff's amended complaint pursuant to Rule 12(b)(1) and (6), Fed.R.Civ.P. Plaintiff bases this court's jurisdiction on 29 U.S.C. § 185.

Plaintiff, Earl L. Smart, a member of Defendant Local Union No. 299 (hereinafter the "Union"), was discharged from his employment with Defendants Ellis Trucking Co., Inc. and Navajo-Ellis Trucking Co., Inc. (hereinafter "Ellis"), for allegedly failing to follow some instructions given to him while performing his duties at a Kroger Supermarket. Plaintiff claims that his instructions to perform certain work would have been dangerous and contrary to safety standards. A letter from Ellis informing Plaintiff of his discharge was dated September 15, 1969. Grievances were filed pursuant to the collective bargaining agreement and the matter went to arbitration where it was resolved against the Plaintiff on both the initial hearing and upon rehearing. In addition, Plaintiff's complaint before the National Labor Relations Board (NLRB) was investigated and found not to be supported by sufficient evidence.

On October 16, 1973, the Plaintiff filed a complaint against Ellis alleging that his termination was in derogation of the collective bargaining agreement because it was without just cause and without an initial warning letter, required unless the discharge is for dishonesty, drunkenness, recklessness, or carrying unauthorized passengers while on the job. Ellis moved to dismiss this complaint but, before the motion could be brought for hearing, the Plaintiff, pursuant to Rule 15(a), Fed.R.Civ.P., filed an amended complaint. The amended complaint was in three counts and added the Union as a party Defendant.

Count one is against Ellis and was based upon Plaintiff's failure to receive the warning letter before his discharge. Count two is against the Union and alleges a breach of the Union's duty of fair representation. Plaintiff charges that the Union was guilty of collusion with the employer, Ellis, in handling his grievance by the Union's refusal to call a witness that Plaintiff had suggested. Count three alleges that the Union and Ellis conspired in the handling of the grievance for the purpose of discharging the Plaintiff. This allegation is also based upon the failure of the Union to utilize the testimony of Plaintiff's suggested witness and for failure of the Un-

ion to bring out the facts surrounding the incident leading to his discharge. Acts in furtherance of the alleged conspiracy include allegations that Ellis wrongfully, and unsuccessfully, disputed Plaintiff's claims for unemployment benefits and that the Union failed to present enough facts to support Plaintiff's unsuccessful claim before the NLRB.

Both the Union and Ellis brought motions to dismiss Plaintiff's amended complaint. Plaintiff filed a response to the motions and Ellis filed a reply to that response. On August 12, 1974, the motions were heard and taken under advisement. On August 22, 1974, before a decision on the motions and without formally obtaining the leave of this court or written consent of the Defendants, as required by Rule 15(a), Fed.R.Civ.P., the Plaintiff filed a second amended complaint. Thus, if the amended complaint were dismissed, Plaintiff would not be allowed, as a matter of right, to submit his second amended complaint. 3 J. Moore, *Moore's Federal Practice* ¶ 15.-07[2], at 853–55 (2d ed. 1974). The merits of Plaintiff's second amended complaint, however, need not be addressed because the grounds upon which the amended complaint will be dismissed would apply to the second amended complaint.

Defendant Ellis, as to each count of the complaint, argues that the applicable statute of limitations has run. As to count one, this argument is based on the contention that Plaintiff, in fact, seeks to set aside an arbitration award and that the statute of limitations applicable to a claim for such relief is either three months under the United States Arbitration Act, 9 U.S.C. § 12, or twenty days under Michigan General Court Rule 769 dealing with arbitrations. Ellis argues that, whichever limitations period applies, the period to bring suit has run because the arbitration award was given on January 20, 1971, and the complaint was not filed until October 16, 1973. As to count two, Ellis and the Union contend that claims of unfair representation are governed by Michigan's three year statute of limitations applicable to personal injuries. See M.C.L.A. § 600.-5805(7). The same statute of limitations, it is argued, applies to bar the conspiracy alleged in count three as well. In addition to its statute of limitations arguments, Ellis also contends that count one must fail because, as a matter of law, the arbitrator's decision is entitled to binding weight. Further, it is alleged that counts two and three fail to state a claim for relief. The Union addresses itself to counts two and three, making the same statute of limitations arguments as are raised by Ellis.

It is unnecessary to consider the statute of limitations to dismiss count one of Plaintiff's complaint because this court, as a matter of law, is barred from entertaining it. The question of a possible breach of the employment contract was resolved by the arbitrator against the Plaintiff. The collective bargaining agreement provided for a grievance process culminating in arbitration. That process has been followed in this case and, under these circumstances, the arbitrator's decision is binding. *See Humphrey v. Moore*, 375 U.S. 335, 350–51, 84 S.Ct. 363, 11 L.Ed.2d 370 (1964). "The refusal of courts to review the merits of an arbitration award is the proper approach to arbitration under collective bargaining agreements." *United Steelworkers of Am. v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 596, 80 S.Ct. 1358, 1360, 4 L.Ed.2d 1424, 1427 (1960). In *United Steelworkers*, the Supreme Court held that a district court should not attempt to interpret the collective bargaining contract on a matter that has already been decided by an arbitrator. The rationale for this decision stems from the fact that it was the arbitrator's, not the court's, construction of the contract that was bargained for between the parties. *Id.* at 599, 80 S.Ct. 1358. The cases cited by Plaintiff, in which the right to bring an action for violation of a collective bargaining agreement is recognized, are distinguishable on the grounds that they recognize the right "is not an

unlimited one," and that the grievance had not proceeded to arbitration. *See, e. g., Broniman v. Great Atlantic & Pacific Tea Co.*, 353 F.2d 559, 561 (6th Cir. 1965). In the case now before the court, the Plaintiff's grievance was twice considered in arbitration. On these grounds, therefore, the Plaintiff's first count against Defendant Ellis must be dismissed.

 Plaintiff's second count alleges a breach of the Union's duty of fair representation. The authorities are divided on the question whether an action for unfair representation is an action in tort or an action for breach of contract for purposes of applying the appropriate statute of limitations. *Compare DeArroyo v. Sindicato De Trabajadores Packinghouse*, 425 F.2d 281 (1st Cir. 1970); *Falsetti v. Local 2026, United Mine Workers of Am.*, 355 F.2d 658 (3d Cir. 1966), *with TUMA v. Am. Can Co.*, 367 F.Supp. 1178 (D.N.J.1973). It appears that the better approach, and the approach adopted in *Priest v. Wolverine Express, Inc.*, 87 L.R.R.M. 2774 (W.D. Mich.1974), is to consider a claim of unfair representation by a union as tortious in nature and apply the three year statute of limitations contained in M.C.L.A. § 600.5805(7). *See also Williams v. Dana Corp.*, 54 F.R.D. 473 (E.D.Mich.1971). In *Williams*, Judge Thornton faced a situation in which the plaintiff, a union member, attempted to add the union to his complaint in order to assert a claim against it based on failure to fairly represent him. In denying the motion, Judge Thornton noted that

> the period for commencing this action against the Union (the Michigan three-year statute of limitations being applicable) terminated by the end of 1970 at the very latest. The United States Supreme Court has said that in the absence of a federal statute of limitations in this kind of case the state statute should be applied.

54 F.R.D. at 474, citing *Int'l Union, UAW v. Hoosier Cardinal Corp.*, 383 U.S. 696, 704–05, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966). In the case now before the court, Plaintiff's case was finally decided on April 14, 1971, when the arbitration panel denied his rehearing. Any claim he may have been able to assert in this court against the Union for a failure to fairly represent him in arbitration had run in April, 1974. Plaintiff's amended complaint, which involved the Union in the lawsuit for the first time, was filed on June 17, 1974, more than three years from the arbitrators' final decision. Further, the amendments to Plaintiff's complaint do not relate back to the original complaint filed in this action which involved only the Defendant Ellis. Addressing this point in *Williams*, Judge Thornton noted that "the claim against the defendant Union is a separate independent cause of action from that against [the company], although the factual background is similar with respect to [the company] and the Union." 54 F.R.D. at 474; *see also* Fed.R.Civ.P. 15(c)(2); 3 J. Moore, *supra*, ¶ 15.15[4.001], at 1041–48. Thus, Plaintiff's second count against the Union is barred by the three year limitation period for tortious actions contained in M.C.L.A. § 600.-5805(7).

 Finally, in count three, Plaintiff has alleged a conspiracy against both the Union and Ellis. This count must also be dismissed for reasons similar to those stated in the discussion of count two. Michigan characterizes claims of conspiracy to deprive a plaintiff of rights under a collective bargaining contract as tortious in nature. *Field v. Local 652, UAW AFL–CIO*, 6 Mich.App. 140, 147 & n.3, 148 N.W.2d 552 (1967); *see also Kennedy v. Local 38, CIO*, 3 Mich.App. 700, 705–06, 143 N.W.2d 596 (1966). Therefore, the same three year statute of limitations applicable to count two would also apply to count three. See M.C.L.A. § 600.5805(7). Therefore, Plaintiff's conspiracy count must also be dismissed.

For the foregoing reasons, the court is of the opinion that Defendants' motions to dismiss Plaintiff's complaint are meritorious and should, therefore, be granted.