580 F.2d 215
 99 L.R.R.M. (BNA) 2059, 84 Lab.Cas. P 10,729
 Earl L. SMART, Plaintiff-Appellant,
v.
ELLIS TRUCKING COMPANY, INC., an Indiana Corporation,
Navajo-Ellis Trucking Co., Inc., a New Mexico Corporation,
jointly and severally, and Local Union No. 299, affiliated
with International Brotherhood of Teamsters, Chauffeurs,
Warehousemen and Helpers of America, Defendants-Appellees.
 No. 76-2439.
 United States Court of Appeals,
Sixth Circuit.
 Argued April 6, 1978.
Decided July 25, 1978.
 
 Joseph E. Mihelich, Mihelich & Carlson, East Detroit, Mich., for plaintiff-appellant.
 George T. Roumell, Jr., John F. Brady, Riley & Roumell, Detroit, Mich., James P. Hoffa, Detroit, Mich., for defendants-appellees.
 Before CELEBREZZE, ENGEL and MERRITT, Circuit Judges.
 CELEBREZZE, Circuit Judge.
 
 
 1
 Appellee Ellis Trucking Company dismissed Appellant on September 15, 1969. Appellant contended that his discharge was wrongful, and sought arbitral relief as provided in the collective bargaining agreement between Ellis and his union, Local 299 of the International Brotherhood of Teamsters. The matter was referred to the Joint State Cartage Committee, which upheld the discharge on September 16, 1969, and again on January 20, 1971, after a rehearing.
 
 
 2
 On October 16, 1973, Appellant filed a complaint against Ellis in the United States District Court for the Eastern District of Michigan, alleging that his discharge was violative of the collective bargaining agreement. An amended complaint filed on June 17, 1974, added a second count against Local 299 alleging breach of duty of fair representation and a third count stating that Ellis and the union had conspired to have Appellant discharged.
 
 
 3
 Upon motion by the Appellees, the District Court dismissed the amended complaint for failure to state a claim upon which relief could be granted. 409 F.Supp. 129 (E.D.Mich.1976). As to the wrongful discharge allegation in count I, the court found the arbitral decision upholding the discharge to be binding and unreviewable. 409 F.Supp. at 131. The fair representation and conspiracy claims in counts II and III were held barred by Michigan's three-year statute of limitations applicable to tort actions. Id. at 132. In this appeal, Appellant maintains that none of the counts should have been dismissed.
 
 
 4
 We deal first with the holding below that counts II and III were time-barred. The District Court properly read the complaint as alleging jurisdiction under § 301 of the Labor Management Relations Act (LMRA or the Act), 29 U.S.C. § 185, which provides federal jurisdiction for suits by individual employees alleging wrongful discharge under a collective bargaining agreement and for included claims of union breach of fair representation duty. See Hines v. Anchor Motor Freight, 424 U.S. 554, 562, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976); Vaca v. Sipes, 386 U.S. 171, 186-87, 87 S.Ct. 963, 17 L.Ed.2d 842 (1967).
 
 
 5
 The timeliness of actions under § 301 is determined by reference to the appropriate state statute of limitations. UAW v. Hoosier Cardinal Corp., 383 U.S. 696, 704-05, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966). Here, we look to the law of Michigan, which is both the forum state and the state in which the operative events occurred. See id. at 705 n. 8, 86 S.Ct. 1107. Michigan courts apply a three-year limitation period to actions for breach of the duty of fair representation brought in conjunction with wrongful discharge claims. Glowacki v. Motor Wheel Corp., 67 Mich.App. 448, 241 N.W.2d 240, 246-48 (1976); Washington v. Chrysler Corp., 68 Mich.App. 374, 242 N.W.2d 781, 782 (1976).[1] The same limitation period is applied to related claims of conspiracy between an employer and a union. Glowacki v. Motor Wheel Corp., 67 Mich.App. 448, 241 N.W.2d 240, 245-48 (1976). See also Field v. Local 652, UAW, 6 Mich.App. 140, 148 N.W.2d 552 (1967).
 
 
 6
 In this case, the breach of fair representation duty (count II) and conspiracy (count III) claims were first filed on June 17, 1974, over three years after final rejection of Appellant's wrongful discharge claim by the arbitration committee on January 20, 1971. Those counts, standing alone, are therefore time-barred. We are faced with the further question, however, of whether counts II and III might relate back to the date of the original complaint for statute of limitations purposes. Such relation back of amendments to a complaint is permitted in some cases under Federal Rule of Civil Procedure 15(c). Upon consideration, we conclude that the amendments in this case cannot relate back for limitation purposes. Counts II and III involve addition of a defendant (the union) to the original suit against the employer. This Court has previously ruled in a similar case that amendments which add a party to the original suit cannot relate back for limitation purposes. Marlowe v. Fisher Body, 489 F.2d 1057, 1064-65 (6th Cir. 1973). Accordingly, it was proper for the District Court to dismiss those counts as being time-barred.
 
 
 7
 Dismissal of Count I presents more serious problems. The District Court felt bound by the arbitral decision rejecting Appellant's wrongful discharge claim because "it was the arbitrator's, not the court's, construction of the contract that was bargained for between the parties." 409 F.Supp. at 131, Citing United Steelworkers of America v. Enterprise Corp., 363 U.S. 593, 599, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). Under the collective bargaining agreement between Ellis and the union, a decision by the Joint State Cartage Committee is "final and binding" on the parties.
 
 
 8
 Such a "finality" provision is entitled to great deference by courts in light of Congressional policy favoring final adjustment of labor disputes through agreed upon grievance procedures. See Humphrey v. Moore, 375 U.S. 335, 351, 84 S.Ct. 363, 11 L.Ed.2d 370 (1964); Steelworkers v. American Mfg. Co., 363 U.S. 564, 566, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); Steelworkers v. Enterprise Corp., 363 U.S. 593, 599, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). The Supreme Court has recognized an exception to this general rule, however, where the union has breached its duty of fair representation. Shortly after the District Court's decision in this case, the Supreme Court held in Hines v. Anchor Motor Freight, 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976), that an employee denied reinstatement by an arbitration committee could still obtain judicial review of his wrongful discharge claim under § 301 of the LMRA if he could show that the arbitral process had been seriously undermined by the union's failure to fairly represent him. Under such circumstances a union's breach of duty "removes the bar of the finality provisions of the contract." Id. at 567, 96 S.Ct. at 1058.
 
 
 9
 We think that Appellant's amended complaint stated a colorable § 301 claim for wrongful discharge under the standard enunciated in Hines.[2] He alleged that his discharge was violative of the collective bargaining agreement and that the union's breach of duty denied him a fair grievance proceeding. This was sufficient to withstand dismissal for failure to state a claim upon which relief could be granted.[3] Cf. Desrosiers v. American Cyanamid Co.,377 F.2d 864, 870-71 (2d Cir. 1967). The fact that the arbitration committee had already decided against Appellant did not bar his federal action at the outset, since he properly alleged breach of the union's duty of fair representation. Hines, 424 U.S. at 567, 96 S.Ct. 1048. Nor does it matter that the fair representation claim is barred by the statute of limitations. If Appellant's representation by the union has In fact been fundamentally unfair, then the arbitral proceeding is a nullity, and he is free to pursue his § 301 claim against the employer. See id. at 567-69, 96 S.Ct. 1048.
 
 
 10
 Ellis argued below that the wrongful discharge claim was time barred. The argument was based on the contention that Appellant is actually seeking to set aside an arbitration award, and that the statute of limitations applicable to a claim for such relief is either three months under the United States Arbitration Act, 9 U.S.C. § 12, or twenty days under Michigan General Court Rules 769 dealing with arbitrations. 409 F.Supp. at 131. The District Court found it unnecessary to reach the issue, but Ellis presses it again before this Court. The simplest answer to Ellis' argument is that Appellant's action for wrongful discharge is not in the nature of a motion to vacate or modify an arbitration award, at least to the extent that it states a claim under § 301.[4] Although the effect of a judgment for Appellant would be to nullify the arbitral decision, the § 301 action is "independent" of the grievance process. See Hines v. Anchor Motor Freight, 424 U.S. at 554, 96 S.Ct. at 1048, 47 L.Ed.2d at 231. Indeed, such a claim can be brought even before an arbitral decision where a union refuses in bad faith to process a grievance. Vaca v. Sipes, 386 U.S. 171, 186, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). The fact that the plaintiff must show a flaw in the grievance process as a prerequisite to recovery does not alter the basic focus of the § 301 claim on the propriety of the discharge itself. Since Michigan applies a three year limitation period to wrongful discharge claims such as the one here raised (See Glowacki, supra ), the action was not time-barred.[5]
 
 
 11
 The judgment of the District Court dismissing Count I of the amended complaint is reversed, and the case is remanded for further proceedings consistent with this opinion.[6] The judgment of the District Court dismissing Counts II and III is affirmed.
 
 
 
 [1]
 The Michigan courts reach this result by characterizing the action as one for injury to person or property, governed by the three-year period in M.C.L.A. § 600.5805(7). Although characterization of the action for the purpose of selecting the appropriate state limitations provision is "ultimately a question of federal law," the state court characterization should not be rejected unless it is "unreasonable or otherwise inconsistent with national labor policy." UAW v. Hoosier Cardinal Corp., 383 U.S. 696, 706, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966). We see nothing in the Michigan characterization that is either unreasonable or inconsistent with national labor policy and adopt it here
 
 
 [2]
 Incredibly, counsel for the Appellant failed to even cite Hines in his brief to this court filed over nine months after Hines was decided. See ABA Code of Professional Responsibility Canon 6 & DR 6-101(A)(2)
 
 
 [3]
 We have previously ruled that mere conclusory allegations of unfair representation are insufficient to withstand a properly supported motion for summary judgment. Balowski v. UAW, 372 F.2d 829, 835 (6th Cir. 1967). See also Hines v. Local Union No. 377, 506 F.2d 1153, 1157 (6th Cir. 1974), Rev'd in part on other grounds, Hines v. Anchor Motor Freight, 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976). Here, however, we review the sufficiency of a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b) (6), and must apply a liberal construction of the complaint in favor of the party opposing the motion. See Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Davis H. Elliot Co. v. Caribbean Utilities Co., 513 F.2d 1176, 1182 (6th Cir. 1975)
 
 
 [4]
 Contra, Hill v. Aro Corp., 275 F.Supp. 482, 487 (N.D.Ohio 1967)
 
 
 [5]
 Although more than three years elapsed between Appellant's discharge and the filing of his complaint, we think it only fair that the statute of limitations be tolled from the time the grievance was filed until it was finally rejected (i. e., when the arbitration award was upheld on rehearing). Federal labor policy generally requires that a § 301 plaintiff seek arbitral relief as a prerequisite to his federal claim. Vaca v. Sipes, 386 U.S. 171, 185, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). Litigants should not be penalized for complying with that policy. Cf. Butler v. Local Union 823, 514 F.2d 442, 450 (8th Cir.), Cert. den., 423 U.S. 924, 96 S.Ct. 265, 46 L.Ed.2d 249 (1975)
 
 
 [6]
 If on remand, the trial court determines that plaintiff is entitled to reinstatement, it will be faced with the further question of the extent to which the employer's liability for any backpay may be limited, should it appear that the employer justifiably relied upon the finality of the arbitration decision upholding the discharge and had no part in undermining the process of arbitration. See generally Hines, supra, 424 U.S. at 572-73, 96 S.Ct. 1048 (Stewart, J., concurring); Ruzicka v. General Motors Corp., 523 F.2d 306, 312 (6th Cir. 1975)