**Dennis WARD, Plaintiff,**

v.

**ALSIDE, INC., United Steelworkers of America, Local Union No. 5144, Defendants.**

**Civ. A. No. C79–2162A.**

United States District Court, N.D. Ohio, E.D.

Oct. 29, 1982.

ant United Steelworkers of America, Local Union No. 5144 (hereinafter the "Union"), and defendant employer Alside, Inc. (hereinafter "Alside"), seek the retroactive application of *United Parcel Service v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), and *Badon v. General Motors Corp.,* 679 F.2d 93 (6th Cir.1982) to the instant case. Both motions are granted.

This Court has jurisdiction pursuant to the Labor Management Relations Act of 1947, § 301, 29 U.S.C. § 185 (1971).

## I

The relevant facts are not in dispute. Plaintiff, Dennis Ward, was employed in 1976 by Alside, and was discharged on November 21, 1977 for excessive absenteeism. Ward attempted to contact a Mr. Maher at the Union each day of the week of November 21, including Thanksgiving day. Each time, a secretary took his phone number and claimed that Maher was involved in meetings.

Maher admitted receiving a note to the effect that Ward had been fired and, on the 22nd of November, 1977, he and his secretary attempted to contact Ward approximately four times. On the 23rd of November, Maher again unsuccessfully tried to contact Ward. Because Maher was not involved in the filing of grievances, he referred the matter to Ken Malone, President of the Local Union. The Thanksgiving holiday ensued and the Union filed a grievance on Ward's behalf on December 1, 1977, although it was December 31, 1978 before Ward personally filed a grievance.

The collective bargaining agreement provides that a discharged employee skip Step One of the grievance procedure, which requires the parties to attempt an oral settlement. Instead, the employee proceeds to Step Two and submits the grievance in writing to the Union Grievance Committee. A meeting of the plant supervisor and Union representatives is supposed to follow. Although no evidence was introduced on this point, there is no dispute involving this step. The third step is a Union and Compa-

Michael A. Malyuk, Akron, Ohio, for plaintiff.

Thurlow Smoot, Cleveland, Ohio, Edward C. Kaminski, Akron, Ohio, David Campbell, Cuyahoga Falls, for defendants.

## MEMORANDUM AND ORDER

ANN ALDRICH, District Judge.

Pending before the Court are defendants' Motions for Summary Judgment. Defend-

ny Committee meeting, which was held on February 1, 1978. Ward was invited to attend, but failed to do so. The final step requires arbitration.

At the February 1, 1978 meeting, Alside refused to honor the grievance, because the collective bargaining agreement requires that all grievances be filed within two days, and the original grievance was nearly eight days late. The Union acknowledged Alside's position on February 6, 1978 and immediately notified Ward that they would not proceed to arbitration. Despite the decision not to proceed to arbitration, Union representatives handling other arbitration cases presented the Ward grievance and asked Alside to waive the defense of untimeliness. Alside denied the request on August 29, 1978, and confirmed its position in writing one week later. Alside representatives spoke to Ward on the eighth of December, 1978 and also informed him that the Union had chosen not to pursue the grievance. Ward filed suit on November 19, 1979 against the Union for breach of the duty of fair representation and against Alside for breach of the collective bargaining agreement.

## II

Ward contends that *Mitchell, supra,* is not applicable because Ward's grievance stopped short of actual arbitration. Mitchell was an employee discharged for dishonest acts. He filed a grievance which led to an adverse arbitration decision before a Joint Panel of Company and Union representatives. After 17 months, Mitchell filed a § 301 suit against his former employer and Union. The Supreme Court granted defendant's Motion for Summary Judgment, holding that the action was barred by New York's 90-day statute of limitations governing vacation of an arbitration award. The Supreme Court found that the statute comported with the federal policy of "relatively rapid disposition of labor disputes", *International Union, UAW v. Hoosier Cardinal Corp.,* 383 U.S. 696, 705, 86 S.Ct. 1107, 1113, 16 L.Ed.2d 192 (1966) and with the intent to maintain the integrity of the col-

lective bargaining system by not subjecting resolutions to attack for long periods of time. *United Steelworkers v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 578, 80 S.Ct. 1347, 1350–51, 4 L.Ed.2d 1409 (1960); and *Badon, supra.*

■ Application of the *Mitchell* state statute of limitations for vacation of an arbitration award to § 301 suits has been further interpreted in *Badon, supra,* to apply to any grievance resolved through a collective bargaining agreement. The court found the fact that Badon had not gone to actual arbitration insufficient to disturb the rationale of *Mitchell.*

[W]here an employer's decision has become final through the operation of the collectively bargained-for private system of dispute resolution, the rule of *Mitchell* applies and the state statute of limitations pertaining to the vacation of arbitration awards will be utilized in subsequent federal court proceedings.

*Badon, supra,* at 98. *See also, Brain v. Roadway Express, Inc.,* No. C80–2338 (N.D. Ohio, December 3, 1981). Ward's contention that *Mitchell* should not be applied because he did not reach actual arbitration is untenable.

## III

Alside's Motion for Summary Judgment based upon retroactive application of *Mitchell* will be addressed first.

Congress did not enact a specific statute of limitations governing actions brought under § 301 of the LMRA. To remedy similar problems the Supreme Court has stated that when a federal statute fails to specify a particular statute of limitations, the general rule is to apply the analogous state statute of limitations. *Chevron Oil Co. v. Huson,* 404 U.S. 97, 104, 92 S.Ct. 349, 354, 30 L.Ed.2d 296 (1971). *See also, International Union, U.A.W. v. Hoosier Cardinal Corp., supra,* and *Brain v. Roadway Express, supra.* *Mitchell* held that the appropriate limitation provision for this type of action is the state statute to vacate an arbitration award. In Ohio, the appropriate statute is O.R.C. 2711.13, which allows 90

days, similar to the New York statute applied in *Mitchell.*

In *Badon,* Michigan had no state statute which provided for vacation of a labor arbitration award. Consequently, the court chose to "decide this federal question on the strength of [its] own reasoning", *Badon, supra,* at 99, and chose the six-month period of section 10(b) of the National Labor Relations Act. 29 U.S.C. § 160(b). While this Court is bound by the decisions of the Sixth Circuit, this Court is not bound to apply Michigan law in Ohio. Whether the statute of limitations chosen in *Mitchell* should be applied retroactively to this case is an issue within the power and authority of this Court. *Bowen v. U.S.,* 422 U.S. 916, 95 S.Ct. 2569, 45 L.Ed.2d 641 (1975).

While "it may properly be assumed that an over-ruling decision is entitled to retroactive effect", *Safarik v. Udall,* 304 F.2d 944, 949 (D.C.Cir.1962), *cert. denied Hansen v. Udall,* 371 U.S. 901, 83 S.Ct. 206, 9 L.Ed.2d 164 (1962), the Supreme Court put the burden of proof on the plaintiff to establish nonretroactivity by showing that (1) the new decision overrules a clear-cut, past precedent upon which the litigants may have relied; (2) retrospective application would retard the underlying policy of the new decision; and (3) retrospective operation would produce substantial inequity. *Chevron, supra,* 404 U.S. at 106–7, 92 S.Ct. at 355. All three of the above factors must be met to establish nonretroactivity. *Cochran v. Birkel,* 651 F.2d 1219 (6th Cir. 1981); *Jimenez v. Weinberger,* 523 F.2d 689 (7th Cir.1975), *cert. denied,* 427 U.S. 912, 96 S.Ct. 3200, 49 L.Ed.2d 1204 (1976); and, *Brain, supra.*

The three-part test should diligently be applied to the facts of a case, so that each party is afforded full protection of the law. *Kennard v. United Parcel Service,* 531 F.Supp. 1139, 1147 n. 18 (E.D.Mich.1982). *Kennard* is also important as a model for its step-by-step application of the *Chevron* principles, although *Kennard* did not apply *Mitchell* retroactively. First, *Mitchell* advanced a new principle of law as of the time Ward filed suit. *Smart v. Ellis Trucking Co., Inc.,* 580 F.2d 215 (6th Cir.1978), *cert. denied,* 440 U.S. 958, 99 S.Ct. 1497, 59 L.Ed.2d 770 (1979),[1] had found the appropriate statute of limitations to be the three-year tort statute of limitation in an action for breach of fair representation and wrongful discharge. With *Smart* controlling at the time this case was filed, this Court must rule as in *Kennard,* "that the *Mitchell* decision established a new principle of law by overruling clear past precedent on which litigants relied in this circuit." *Kennard, supra,* at 1145. *See also, Brain, supra,* and *Kikos v. International Brotherhood of Teamsters,* 526 F.Supp. 110 (E.D.Mich.1981). Hence, the first prong of *Chevron* favors nonretroactive application of *Mitchell.*

The second prong of *Chevron* requires this Court to determine whether retrospective application would retard the underlying principles of the new rule. The principles of the new rule in *Mitchell,* as stated above, are the rapid disposition of disputes and the continued integrity of the collective bargaining system. "Rapid" is to be defined by the state law regarding vacation of an arbitration award, which is ninety days in Ohio. In *Kennard* (which was decided before *Badon* established a six-month Michigan statute of limitation), Kennard filed within eighty days. This furthered the principles of the new law and obviated the need for retroactive application of *Mitchell.* However, in the case at bar Ward waited no less than one year, considering the facts in the light most favorable to him. Since this step favors retroactivity, and the plaintiff bears the burden of proof to establish nonretroactivity, *Mitchell* must be applied retroactively to *Ward.*

The third step considers the special circumstances which would warrant a prospective-only application of *Mitchell.* For example: undue hardship; unfairness; it is not Ward's fault the statute of limitations

1. *Smart* was decided July 25, 1978. Ward filed on November 19, 1979. Therefore, Ward presumably relied on the three-year statute of limitations in *Smart.*

changed; Ward relied on the statute of limitations formerly applied; and, the change in the statute of limitations was totally unanticipated. On the other hand are the competing federal interests of rapid and final disposition of disputes, and the interest in maintaining the integrity of collective bargaining systems, as well as the company's right to repose.

This Court need not consider these factors, because Ward has failed to meet the second prong of *Chevron* and retrospective application is already mandated.. However, the facts of the instant case and other decisions provide ample evidence to controvert any of the equitable positions Ward has taken. *See, Kennard, supra; Kikos, supra;* and *Brain, supra.*

Consequently, Alside's Motion for Summary Judgment is granted.

## IV

This Court must next consider the application of *Mitchell,* which went to the Supreme Court on a motion of the employer alone. While *Badon* does not hesitate to extend *Mitchell* to the Union's benefit, there is currently a conflict between the circuits. *See, Badon, supra; cf. Flowers v. Local 2602 of the United Steelworkers of America,* 671 F.2d 87 (2d Cir.1982), *petition for cert. filed,* 51 U.S.L.W. 3006 (U.S. July 1, 1982) (No. 81–2408).

Despite the conflict between the Circuits, guidance is available from the following question and answer posed in *Vaca v. Sipes,* 386 U.S. 171, 197, 87 S.Ct. 903, 920, 17 L.Ed.2d 842 (1967):

[M]ay an award against a union include, as it did here, damages attributable solely to the employer's breach of contract? We think not. Though the union has violated a statutory duty in failing to press the grievance, it is the employer's unrelated breach of contract which triggered the controversy and which caused this portion of the employee's damages.

█ Where there is a question as to how damages should be apportioned between two alleged wrongdoers, and a company or employer has been dismissed under *Mitchell,* the union must also be dismissed. As *Vaca, supra,* at 197, 87 S.Ct. at 920 concludes:

It could be a real hardship on the union to pay these damages, even if the union were given a right of indemnification against the employer. With the employee assured of direct recovery from the employer, we see no merit in requiring the union to pay the employer's share of the damages.

*Badon* also came to the conclusion that the union should be dismissed, based upon Justice Stewart's concurrence in *Mitchell,* and the fact that "damages against the union would be limited to attorneys fees, court cost, travel expenses and other costs incidental to plaintiff's attempts to recover. Lost wages, lost benefits, and punitive damages are not recoverable against a union in an unfair representation action pursuant to section 301." *Badon, supra,* at 98. *See also, Davidson v. Roadway Express, Inc.,* 650 F.2d 902 (7th Cir.1981).

█ The fact that the claims are so intimately intertwined leads to the inevitable conclusion that where the plaintiff pleads against the union for breach of fair representation involving the wrongful conduct of the employer, the same, short statute of limitations must apply to both the union and the employer. Recent statute-of-limitations cases are consistent with this principle. *See, Chevron, supra; McLean v. United States Postal Service,* 544 F.Supp. 821 (W.D.Pa.1982); and, *Zahnow v. Great Lakes Distributing Co.,* 544 F.Supp. 553 (E.D.Mich. 1982).

Therefore, this Court also grants the defendant Union's Motion for Summary Judgment. The case is dismissed at plaintiff's costs.

IT IS SO ORDERED.