**GAS WORKERS LOCAL NO. 80, Service Employees International Union, AFL–CIO, and George Clay, Plaintiffs,**

v.

**MICHIGAN CONSOLIDATED GAS COMPANY, a Michigan Corporation, Defendant.**

Civ. A. Nos. 79–73191, 80–72271.

United States District Court, E. D. Michigan, S. D.

Dec. 1, 1980.

**156**

Michael L. Pitt, Kelman, Loria, Downing, Schneider & Simpson, Detroit, Mich., for plaintiffs.

Dwight H. Vincent, Clark, Klein & Beaumont, Donald A. Van Suilichem, Detroit, Mich., for defendant.

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

PATRICIA J. BOYLE, District Judge.

Plaintiff in this action seeks to have an arbitration award set aside for the reason that it is against the great weight of the evidence and, furthermore, goes beyond the provisions of the contract and, therefore, beyond the power of the arbitrator. The issue arbitrated was whether the discharge of the Plaintiff was for just cause, and the arbitrator concluded that it was.

The threshold question presented by the briefs, however, is whether the action was timely filed in this Court. Defendant contends that the statute of limitations was exceeded and, therefore, that the Court is without jurisdiction to consider the merits of the case. Plaintiffs' action was filed some eleven months after the arbitrator denied Plaintiff's request for reconsideration.

Jurisdiction rests on Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. This case is not, however, the more common situation in which the action is for direct breach of a collective bargaining agreement but rather is a claim that an arbitration award should be vacated. The courts are not in agreement as to the statute of limitations that should apply to such an action brought under the federal labor law. Defendant suggests that the correct statute of limitations is that provided in the American Arbitration Act (AAA), 9 U.S.C. § 12, a three–month statute, or, in the alternative, the twenty–day limitation period provided for arbitration based actions in state court. GCR 769.9(2); MCLA § 600.-5001. The statute referred to in the Court Rule indicates, however, that the statute does not govern labor arbitration matters. It is further to be observed, although neither party raises the point, that the statute of limitations applied in a Section 301 breach of the duty of fair representation case arising in Michigan is three years since the action is deemed analogous to a tort claim. *See Smart v. Ellis Trucking*, 580 F.2d 219 (6th Cir. 1979). Plaintiff urges that the statute of limitations to be applied should be that for contract actions–six years.

In *Smart v. Ellis Trucking, supra,* the Sixth Circuit dealt with a contention that the action was barred by the three–month statute of limitations of the AAA or, in the alternative, by the twenty–day version provided in state law. Because that action was a breach of the duty of fair representation action, not an action to vacate an arbitration award, as such, the three–year limitation period was found to apply, and the court did not need to resolve which limitations period would apply in an action to vacate an arbitration award. Thus, the Court remains without Sixth Circuit guidance on this issue.

Plaintiff urges that the case of *UAW v. Hoosier Cardinal Corp.,* 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966), should govern this case. *Hoosier Cardinal* was a Section 301 damage action, and it expressly limited its applicability to damage situations. *Id.* at 702–03, 86 S.Ct. at 1111. The Court also found that reference to state limitations periods, and the inherent inconsistency that would result, is not a problem in that context. *Hoosier Cardinal* specifically distinguished cases in which it is recognized that uniformity in the area of national labor matters is important, *e. g., Teamsters v. Lucas Flour Co.,* 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593 (1962), noting that damages actions come into play only after smooth functioning of labor relations has broken down and thus would not be affected by inconsistent rules from state to state.

It has been suggested that in the context of review of arbitration awards, there is similarly no need for uniformity of rules of limitation from state to state for the reason that the private dispute resolution process has failed. *E. g., Santos v. Carpenters District Council*, 619 F.2d 963 (2d Cir. 1980). I respectfully disagree with that assessment of the policy issues at the fore in cases brought to vacate arbitration awards. In contrast with the damages case, which generally reflects that a dispute has matured to the point where the plaintiff now claims actual money damages, the arbitration award which is being challenged in the courts is evidence of the thus far successful implementation of peaceful dispute resolution mechanisms. The parties have a right to seek final peaceful adjudication of the question in the courts and permitting the matter to linger for extensive and varying periods does not contribute to the viability of this process. Moreover, there is an established national policy favoring finality for arbitration decisions, a policy evidenced by the general deference owed to the arbitration decision. *Hines v. Anchor Motor Freight*, 424 U.S. 554, 562–63, 96 S.Ct. 1048, 1057–58, 47 L.Ed.2d 231 (1976). Where there is varying and sometimes lengthy time in which to challenge an arbitration award, the interests in finality are thwarted, and the disappointed party is not forced to seek prompt ultimate resolution of the dispute so that it can be forever laid to rest and the labor relationship can proceed on fresh footing. Although this goal is not always obtainable in reality, this fundamental expectation, generally, underlies the dispute resolution processes embodied in and recognized by the national labor statute and policy. Finally, it is reasonable to note that the grievance provisions of contracts invariably include time limitations which govern movement from step to step through the process. The parties are not in the first stages of litigation when one of them comes to court seeking to set aside an arbitration award. Obviously, the situation is significantly different where damages are sought under Section 301 for contract violations. In the situation presented in the case at bar, it is logical that the parties should proceed promptly to court if they are to go there at all, and it is sensible that there be uniformity with respect to the time in which litigants, the country over, should take the step to invoke the Section 301 jurisdiction of federal courts to vacate arbitration awards. For these reasons, then, I conclude that *Hoosier Cardinal* is inapposite insofar as it sanctions reference, for Section 301 purposes, to the relevant state statute of limitations.

Rather, I am persuaded that the three–month statute of limitations set forth in the AAA should be applied in order that uniformly prompt resolution of such matters may be had. I am cognizant of the fact that the AAA technically exempts contracts of employment from its coverage, 9 U.S.C. § 1, but it has been held that judicial decisions making arbitration clauses specifically enforceable, see *Textile Workers v. Lincoln Mills*, 353 U.S. 448, 77 S.Ct. 923, 1 L.Ed.2d 972 (1957), have the effect of making labor contracts indistinguishable from other contracts governed by the AAA. *Lumber Production & Industrial Workers v. Champion International Corporation*, 486 F.Supp. 812 (D.Montana 1980). Additionally, the Sixth Circuit, at least, recognized that collective bargaining agreements do not fall directly within the "contracts of employment" which are expressly exempted by the AAA. *Hoover Motor Express Co. v. Teamsters, Chauffeurs, Helpers, and Taxicab Drivers, Local 327*, 217 F.2d 49 (6th Cir. 1954). The result here indicated finds support in other jurisdictions besides Montana. *E. g., UAW v. LaCrosse Cooler Co.*, 406 F.Supp. 1213 (W.D.Wis.1976); *Communication Workers of America v. Pacific Telephone and Telegraph Co.*, 462 F.Supp. 736 (C.D.Cal.1978).

Plaintiff urges that reference to the limitations period set forth in the AAA is not proper. Apart from *Santos v. Carpenters District Council*, 619 F.2d 963 (2d Cir. 1980), the reasoning of which I have already called into question, none of the cases cited by Plaintiff present an extensive analysis of the competing considerations raised by the

question of whether *Hoosier Cardinal* should govern the formulation of the limitations period in a case like that at bar brought under Section 301. *International Union of Engineers v. Kerr–McGee Refining Corporation*, 618 F.2d 657 (10th Cir. 1980), was decided over the thoughtful dissent of Judge Holloway and resolved the question in two sentences with a citation to *Hoosier Cardinal*. In *United Mine Workers v. Jones & Laughlin Steel*, 378 F.Supp. 1206 (W.D.Pa.1974), the court ultimately looked to the Pennsylvania statute governing appeal of arbitration decisions and observed that the limitation period was the same as that in the AAA, three months. The court further stated, "[I]t is proper to refer to [the AAA] for guidance in determining issues involved in appeals from [awards entered pursuant to collective bargaining agreements]. Like the Pennsylvania Act, the United States Arbitration Act requires that a motion to vacate an arbitration award be filed within three months." *Id.* at 1212 (citations omitted). Thus, the action was barred in the Pennsylvania case, and the decision presents dubious precedential support for Plaintiff's position in the instant case. Similarly, in *DeLorto v. United Parcel Service Inc.*, 401 F.Supp. 408 (D.Mass.1975), the court offered no analysis as to the applicability of the AAA limitations period, save to cite *Hoosier Cardinal* for the conclusion that state law would govern. Since under either state law or the AAA the plaintiff's claim was time–barred, further analysis was useless, and the case provides little meaningful guidance on the issue here under consideration. Finally, *Barbario v. Anchor Motor Freight*, 421 F.Supp. 1003 (W.D.N.Y.1976), cited by Plaintiff, does not even address whether the AAA statute of limitations might be invoked, and one can only assume that the issue was not presented.

█ One other issue raised by Plaintiff merits comment. It is suggested that the decision of the Sixth Circuit in *Kentucky Mills v. Jackson*, 206 F.2d 111 (6th Cir.), *cert. denied*, 346 U.S. 887, 74 S.Ct. 144, 98 L.Ed. 392 (1953), establishes that the courts will not look to the AAA for guidance re-garding limitations periods. Though Plaintiff does not formulate his argument in exactly that way, it is fair to summarize it in this manner. The difficulty with the contention is that the *Kentucky Mills* case did not address the question now presented and in actuality can be said to stand simply for the rule that the AAA is not the exclusive means of pursuing a claim challenging an arbitration award. That is different from saying that the limitations period of the AAA cannot be borrowed to fill a void in a federal statute which supports a claim to vacate an arbitrament. Thus, the result here reached is not contrary to the *Kentucky Mills* decision.

█ In the alternative, were I to conclude that the analogous state statute of limitations should apply, Plaintiff's action similarly would be time–barred. The cases recognize the importance of prompt resolution of post–arbitration disputes and suggest that shorter limitations periods should be chosen where possible. *E. g., Barbario v. Anchor Motor Freight, supra* at 1006. Each of the cases cited by Plaintiff, including *Santos, supra*, found an analogous state statute of limitations dealing specifically with arbitration, and in at least two instances, the period was the same as that provided in the AAA, *UMW v. Jones & Laughlin, supra* (three months); *Barbario v. Anchor Motor Freight, supra* (90 days), and in one case it was shorter. *DeLorto v. UPS, supra* (30 days). It is also pertinent to note that in the *Jones & Laughlin* case, relied on by Plaintiff, the court was confronted with an argument that the short Pennsylvania statute of limitations could not be applied for the reason that its own terms barred its use absent agreement by the parties. The court observed:

> The plaintiffs argue that the Pennsylvania arbitration statute should not be applied in any case where the parties have not expressly agreed to be bound by its provisions, and cite Pennsylvania cases to the effect the General Arbitration Act applies only when the parties expressly agree that it apply. This proposition ig-

nores the fact that the three–month provision is being applied as a matter not of state but of federal law. . . .

We find no Pennsylvania cases in which the limitation period in an arbitration at common law has been indicated or discussed.

*Id.* at 1211.

In an effort to ascertain the applicable Michigan statute of limitations, were the Court to look to Michigan for guidance, the Court has searched without success for a case determining the limitations period for a common law attack on an arbitration award. *See* 2A *Michigan Digest*, "Arbitration and Award," at n.85 (West). Thus, we are left with the twenty–day period provided for arbitration attacks generally, though Plaintiff correctly notes a statutory exception for cases like that at bar. GCR 769.-9(2); MCLA § 600.5001. Further, it is interesting to note that, in the context of statutory interest arbitration, it recently was held that a failure to make appeal to the courts within the sixty–day period provided in the Administrative Procedures Act, MCLA § 24.304, for review of a final agency decision barred consideration of the appeal. *National Union of Police Officers v. Board of Commissioners for the County of Wayne*, 93 Mich.App. 76, 286 N.W.2d 242 (1978) (T. Roumell, J.), *aff'd*, Michigan Court of Appeals, No. 78–4141 (January 30, 1980). Thus, what analogous precedent can be found suggests that Michigan adopts the position that arbitration decisions should be appealed promptly, if appealed.

Plaintiff argues that the contract limitation of six years should apply, but I find no support for that conclusion, and such a rule would intolerably delay final resolution of arbitration matters. It might be argued that the three–year limitation period used in Section 301 fair representation cases should apply, but that is not really an analogous situation, and the three–year provision in such cases is best understood as having had roots in tort law, a logical parallel due to the nature of the breach of the duty of fair representation claim. The issues in the case attacking an arbitration award are dissimilar, and I find no ground for resort to the three–year limitation period.

Having made these observations, I conclude that the most analogous state limitation period is that provided by the Court Rule governing arbitration attacks. Though it is true that, statutorily, provisions do not apply in situations like that at bar, I rely on the analysis recited above from the case cited by Plaintiff, *UMW v. Jones & Laughlin, supra.* The pertinent question is what state statute of limitations most closely addresses the situation presented in the case brought under the federal law, in this case, Section 301. This conclusion finds support in the observation that the Michigan statute and the one precedent discovered which barred an arbitration appeal on timeliness grounds, *National Union of Police Officers v. Board of Commissioners, supra,* both indicate that but a brief time for appeal of arbitration awards is envisioned. As the state statutes of limitations discussed in the cases from other jurisdictions cited above illustrate, Michigan, by favoring a short period in which to appeal arbitration decision to the courts, is in step with the prevailing view. Accordingly, I find, in the alternative, that even if Michigan law were referenced for the purpose of setting the limitations period to govern the case at bar, the action would be untimely.

Plaintiff urges that considerations of equity compel denying the motion to dismiss even if timeliness is found to be a problem. Plaintiff suggests that Defendant had ample notice of the problem here sought to be litigated and that no prejudice to Defendant would exist. Plaintiff further notes that another action, claiming employment discrimination, was being finalized prior to the filing of this case. In response, it can be said that the concerns reviewed in the foregoing discussion which relate to prompt resolution of these matters preempt the considerations raised by Plaintiff. Moreover, the fact that the Defendant was aware of this problem is no answer, for the factual scenario underlying such actions nearly always would assure that such facts

could be pleaded in an effort to avoid filing deadlines, and Plaintiff makes no claim that Defendant in any way acted to mislead him. Finally, as evidenced by the fact that Plaintiff ultimately did file separate actions–one for employment discrimination and the other presently under consideration–there was no reason to delay in attacking the arbitration award in order to complete preparation of the discrimination action. Accordingly, I find that Plaintiff's contentions in avoidance of the statute of limitations must be rejected.

Finally, Plaintiff requests that if the Court concludes as it has, an opinion on the merits nevertheless should be rendered since it is said that guidance on the merits of this action would facilitate possible non–judicial resolution of the employment discrimination action. While the Court surely wishes not to discourage possible resolution of the companion action, providing a ruling on a matter over which jurisdiction does not exist, for the reasons here stated, would be providing a ruling only advisory in nature. Because I deem such rulings ill–advised generally, I decline Plaintiff's invitation.

For these reasons, then, Defendant's motion to dismiss is GRANTED.

IT IS SO ORDERED.