**Gerald KIKOS, Nerses N. Torigan, O. Cecil Hennion, Giles Owen, Aloysius Rosinski, Joseph Super, Cecil Dunesmore, Melvin Strochine, Edward J. Hebel, Allan Florence and Steven Cichowski, Plaintiffs,**

v.

**INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, AFL–CIO, and its Local Union No. 299, and Nu-Car Driveaway, Inc., a Michigan Corporation, Defendants.**

Civ. A. No. 78–70521.

United States District Court,
E. D. Michigan, S. D.

Oct. 19, 1981.

Alan B. Posner, Detroit, Mich., A. Read Cone, III, Bloomfield Hills, Mich., for plaintiffs.

Thaddeus J. Cwiek, Detroit, Mich., Scott D. Soldon, Milwaukee, Wis., for IBT.

Joel H. Serlin, Southfield, Mich., for Nu-Car.

## MEMORANDUM OPINION GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

JULIAN ABELE COOK, Jr., District Judge.

Defendants, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, AFL–CIO [IBT] and its Local Union No. 299 [299] and Nu-Car Driveaway [Nu-Car] seek a summary judgment, pursuant to *Fed.R.Civ.P.* 56.

Plaintiffs claim that 299 and Nu-Car, in violation of the existing collective bargaining agreement, staffed a "checker" position with non-union personnel which caused them "to be laid off and suffer injuries and damages." Their claim (grievance) was submitted to the Tri-City Local Arbitration Panel [Tri-City Panel], which rendered a decision on October 21, 1974 that was adverse to them. On August 25, 1975, Plaintiffs' request for a rehearing was denied.

On March 7, 1978, Plaintiffs filed their lawsuit with this Court pursuant to § 301 of the Labor Management Relations Act of 1974 [LMRA], 29 U.S.C. § 141 *et seq*, seeking, among other things, a reversal of the October 21, 1974 arbitration decision.

On July 15, 1981, Plaintiffs filed a Motion to Strike Affirmative Defenses. On July 27, 1981, IBT filed a Motion to Dismiss or for Summary Judgment. On July 31, 1981, 299 filed a Motion to Dismiss or for Summary Judgment. On August 5, 1981, Nu-Car filed a Notice of Joinder and Concurrence with IBT's Motion for Summary Judgment. Briefs were filed in opposition to each Motion. Oral argument was heard on September 18, 1981.

■ The threshold question to be resolved is whether Plaintiffs' Complaint was timely filed with this Court. Defendants contend that this cause of action is barred by the applicable statute of limitations and, therefore, this Court is without jurisdiction to consider the substantive issues of the case. Plaintiffs' lawsuit was filed with this Court approximately forty months after the Tri-City Panel rendered its decision on October 21, 1974, and some thirty-one months after their request for a rehearing was denied on August 25, 1975.

Defendants argue that, under the April 20, 1981 Supreme Court ruling in *United Parcel Service v. Mitchell*, 451 U.S. 56,

101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), the Michigan twenty day statute of limitations bars Plaintiffs in the instant case.

Plaintiffs assert that, *Mitchell, supra,* if applicable, should not be applied retroactively here. They argue that (1) Michigan's three year tort claim statute of limitations should control, and (2) the statute of limitations begins to run only when the arbitration decision becomes final. Alternatively, Plaintiffs claim that Defendants fraudulently concealed the existence of a cause of action until the date when their Answer to the Complaint was filed with this Court.

Congress has not enacted a statute of limitations which specifically governs actions that have been brought pursuant to § 301 of LMRA. As the Supreme Court pointed out in *International Union, UAW v. Hoosier Cardinal Corp.,* 383 U.S. 696, 704–705, 86 S.Ct. 1107, 1112–1113, 16 L.Ed.2d 192 (1966), "the timeliness of a § 301 suit ... is to be determined, as a matter of federal law, by reference to the appropriate state statute of limitations."

In *Mitchell, supra,* the Court, in reliance upon the federal policy that calls for a rapid disposition of labor disputes, approved the application of the New York State ninety day statute of limitations as to an employee's attempt to vacate an adverse arbitration award in favor of his employer and his union.

The Supreme Court rejected the application of the New York State statutes of limitations that govern actions for personal injuries, malpractice or contracts, as well as the reasoning of the Second Circuit Court of Appeals which had approved the application of the six year breach of contract statute:

> The fact that an employee could not bring a direct suit to vacate an arbitration award, however, does not mean that his § 301 claim, which if successful would have the same effect, is not "closely analogous" to such an action. *See Johnson v. Railway Express Agency, Inc.,* 421 U.S. [454] at 464.

451 U.S. at 61, fn. 3, 101 S.Ct. at 1563, fn. 3.

The *Mitchell* Court determined that a § 301 action against a discharged employee's union and employer was "more closely analogous to an action to vacate an arbitration award than to a straight contract action," 451 U.S. at 62, 101 S.Ct. at 1564, and concluded that the statute of limitations which governs actions to vacate arbitration awards must apply. The Court noted:

> It is true that respondent's underlying claim against his employer is based on the collective-bargaining agreement, a contract. It is not enough, however, for an employee such as respondent to prove that he was discharged in violation of the collective-bargaining agreement. "To prevail against either the company or the Union, petitioners must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating breach of duty by the Union.... The grievance processes cannot be expected to be error-free." *Hines* [*v. Anchor Motor Freight, Inc.*], 424 U.S. [554] at 570, 571 [96 S.Ct. 1048 at 1059, 47 L.Ed.2d 231]. Thus respondent's characterization of his action against the employer as one for "breach of contract" ignores the significance of the fact that it was brought in the District Court pursuant to § 301 of the LMRA and that the indispensable predicate for such an action is not a showing under traditional contract law that there was a breach of the collective-bargaining agreement, but instead a demonstration that the union breached its duty of fair representation. Since the conclusion of the Joint Panel was under the collective-bargaining agreement "binding on all parties," respondent was required in some way to show that the Union's duty to represent him fairly at the arbitration had breached before he was entitled to reach the merits of his contract claim. This, in our view, makes the suit more analogous to an action to vacate an arbitration award than to a straight contract action.

> We think that the unfair representation claim by an employee against his union,

even though his employer may ultimately be called upon to respond in damages if he is successful, is more a creature of "labor law" as it has developed since the enactment of § 301, than it is of general contract law. We said in *Hoosier Cardinal* that one of the leading federal policies in this area is the "relatively rapid disposition of labor disputes." 383 U.S., at 707 [86 S.Ct., at 1114]. Cf. 29 U.S.C. § 160(b) (1976) (6–month period under NLRA). This policy was one of the reasons the Court in *Hoosier Cardinal* chose the generally shorter period for actions based on an oral contract rather than that for actions upon a written contract, *ibid.*, and similar analysis supports our adoption of the shorter period for actions to vacate an arbitration award in this case.

451 U.S. at 62, 101 S.Ct. at 1563.

■ The Sixth Circuit Court of Appeals, in an opinion that was relied upon and quoted by the Second Circuit Court of Appeals in *Mitchell v. United Parcel Service*, 624 F.2d 394 (2d Cir. 1980), *reversed* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981), had previously held that Michigan's three year tort statute of limitations should govern § 301 actions. *Smart v. Ellis Trucking Co., Inc.*, 580 F.2d 215, 217 (6th Cir. 1978), *cert. denied*, 440 U.S. 958, 99 S.Ct. 1497, 59 L.Ed.2d 770 (1979). In *Smart, supra*, the Sixth Circuit Court of Appeals refused to apply the twenty day limitation period of Michigan General Court Rule [GCR] 769, holding that "Appellant's action for wrongful discharge is not in the nature of a motion to vacate or modify an arbitration award, at least to the extent that it states a claim under § 301." 580 F.2d at 219. That reasoning was relied upon by the Second Circuit Court of Appeals in *Mitchell, supra*, and expressly rejected by the Supreme Court. Since *Mitchell, supra*, was decided by the Supreme Court, there can be no doubt that (1) a postarbitration claim under § 301 against a union and an employer is, in reality, an effort to vacate the arbitration award, and (2) as a matter of federal law, state statutes of limitations, which are applicable to actions that seek to overturn an arbitration award, must govern. Thus, *Smart, supra*, can no longer serve as an instructive guide to a resolution of the issues which are presently before this Court.

*Gas Workers Local No. 80 v. Michigan Consolidated Gas Co.*, 503 F.Supp. 155 (E.D. Mich.1980), supports Defendants' position. In that case, Judge Patricia Boyle held that an action by a local union to vacate an adverse arbitration award was time-barred by (1) the ninety day statute in the United States Arbitration Act or (2) the twenty day provision in GCR 769, which has been relied upon by Defendants in the instant case. Judge Boyle noted that "[t]he most analogous state limitation period is that provided by [GCR 769] governing arbitration attacks." 503 F.Supp. 159. Judge Boyle also rejected the argument that GCR 769 could not be used, holding that the statute which governs is the one which "most clearly addresses the situation presented in the case brought under federal law . . . ." *Id.*

Judge Robert DeMascio of this Court recently joined Judge Boyle when he concluded that the twenty day period of GCR 769 operates as the limitations period in Michigan actions which seek to vacate an arbitration award. *Scott v. Chrysler Corp.*, Civil Action No. 80–70041 (E.D.Mich.1981).

Similarly, in *Davidson v. Roadway Express, Inc.*, 650 F.2d 902 (7th Cir. 1981), the Seventh Circuit Court of Appeals recently held that *Mitchell, supra*, mandated the application of the Indiana ninety day statute of limitations to a claim by the individual employee who sought to vacate an arbitration award and recover damages for breach of (1) fair representation by the Union, and (2) the collective bargaining agreement by the employer.

Here, Plaintiffs argue that even if this Court concludes that the GCR 769 twenty day limitation period applies in the instant case, *Mitchell, supra*, should not be applied retroactively. If *Mitchell, supra*, is not applied retroactively, the Michigan three year

statute of limitations would govern under *Smart, supra.* As a consequence, Plaintiffs could prevail on the statute of limitations issue if this Court determined that the statute of limitations began to run when a rehearing was denied or the alleged fraudulent concealment tolled the running of the statute of limitations.

The best guidance in determining whether to apply *Mitchell, supra,* retroactively is found in *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). In 1968, *Huson* commenced legal proceedings in the District Court in Louisiana to recover for personal injuries that had been sustained by him approximately two years earlier while working on Defendant's artificial island drilling rig which was located on the Outer Continental Shelf off the Louisiana coast. At the time when Plaintiff's lawsuit was filed, various Court of Appeals had applied admiralty law to the Outer Continental Shelf Lands Act—the same statute under which Huson had brought his lawsuit. Under the existing admiralty law, his lawsuit had been timely filed.

However, in 1969, while *Chevron Oil, supra,* was still at the trial court level, the United States Supreme Court decided *Rodrigue v. Aetna Casualty & Surety Co.,* 395 U.S. 352, 89 S.Ct. 1835, 23 L.Ed.2d 360 (1969). In *Rodrigue, supra,* the Court interpreted the Outer Continental Shelf Lands Act as making state law remedies (rather than admiralty law remedies) applicable to the kinds of accidents of which Huson, in *Chevron Oil, supra,* complained. Relying on *Rodrigue, supra,* the District Court, in *Chevron Oil, supra,* determined that the Louisiana one year personal injury statute of limitations was applicable, and, thereby, barred Huson from submitting his substantive issues for adjudication.

On Appeal, the Fifth Circuit Court of Appeals reversed and remanded, holding that the Louisiana statute of limitations barred the remedy but not the right to recover.

Upon review, the Supreme Court affirmed the Court of Appeals' judgment and remanded the case to the trial court. Justice Potter Stewart, writing on behalf of the majority, considered the key issue to be whether the state statute of limitations should be, or should not be, given non-retroactive application under *Rodrigue, supra.* Noting that the non-retroactive application of judicial decisions in recent years has been most conspicuously considered in the area of criminal process, he stated that the problem was not limited exclusively to the criminal arena. Justice Stewart then identified the three criteria which must be utilized in determining whether a judicial decision of the Supreme Court should be applied retroactively:

> In our cases dealing with the nonretroactivity question, we have generally considered three separate factors. *First,* the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, . . . or by deciding an issue of first impression whose resolution was not clearly foreshadowed, . . . *Second,* it has been stressed that we must . . . weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation. . . . *Finally,* we have weighed the inequity imposed by retroactive application, for [w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the "injustice or hardship" by a holding of nonretroactivity. [Citations omitted] [Emphasis added]

404 U.S. at 107, 92 S.Ct. at 355.

 "The general rule of longstanding is that judicial precedents normally have retroactive as well as prospective effect." *National Association of Broadcasters v. F.C.C.,* 554 F.2d 1118, 1130 (D.C.Cir.1976), quoted in *Kremer v. Chemical Construction Corp.,* 623 F.2d 786, 788 (2d Cir. 1980). Thus, "[b]ecause prospective only application is the exception rather than the rule, the party seeking to invoke *Chevron Oil, supra,* bears the burden of proving that such limit-

ed application is justified." *Valencia v. Anderson Brothers Ford*, 617 F.2d 1278, 1288 (7th Cir. 1980), citing *Jimenez v. Weinberger*, 523 F.2d 689, 704 (7th Cir. 1975), *cert. denied*, 427 U.S. 912, 96 S.Ct. 3200, 49 L.Ed.2d 1204 (1976). Not only do Plaintiffs bear the burden of establishing the applicability of *Chevron Oil, supra*, but "all three of the factors listed in *Chevron Oil* must be shown to favor prospective-only application before a decision will be denied retroactive effect." *Valencia v. Anderson Bros. Ford*, 617 F.2d at 1289, citing *Schaefer v. First National Bank of Lincolnwood*, 509 F.2d 1287, 1294 (7th Cir. 1975), *cert. denied* 425 U.S. 943, 96 S.Ct. 1682, 48 L.Ed.2d 186 (1976).

Taking the three criteria in order, the first criterion is whether or not *Mitchell, supra*, established a new principle of law by overruling clear past precedent or by deciding an issue of first impression whose resolution was not clearly foreshadowed. Plaintiffs argue that *Mitchell, supra*, met this criteria because the Sixth Circuit Court of Appeals' decision in *Smart, supra*, indicated that a three year statute of limitations should apply to actions that had been brought under § 301 of the LMRA. This Court accepts Plaintiffs' assertion that the law within the Sixth Circuit Court of Appeals after *Smart, supra*, was clear. Until *Mitchell, supra*, the Michigan three year statute of limitations governed cases such as the one at bar.

*Mitchell, supra*, overruled past precedent in the Sixth Circuit. It is important to note, however, that prior to the date when Plaintiffs brought this cause of action [to wit, March 7, 1981] and through and until July 25, 1978 [the effective date of *Smart, supra*], the law was in a state of disarray with regard to the appropriate statute of limitations in cases such as the one now before this Court. Thus, during the period which preceded *Smart, supra*, Plaintiffs knew, or should have known the need to take appropriate, immediate action. Plaintiffs delayed the commencement of a lawsuit for well over two years after their request for a rehearing had been denied. Although they may meet the technical re-quirements of the first criterion under *Chevron Oil, supra*, Plaintiffs have failed to meet the other two.

Turning to the second criterion under *Chevron Oil, supra*, the general federal labor law policy involved in the case at bar (i. e., the need for rapid or prompt processing of disputes) is served by applying *Mitchell, supra*, retroactively. Retroactive application of *Mitchell, supra*, will assure that judicial proceedings will not "intolerably delay final resolution of arbitration matters." *Gasworkers Local No. 80 v. Michigan Consolidated Gas Co., supra* at 159. Far from retarding the operation of a short statute of limitations, a retroactive application of the twenty day limitations period in this case will achieve the precise effect that was intended by the Supreme Court in *Mitchell, supra*, which is to provide for the "relatively rapid disposition of labor disputes." *International Union, UAW v. Hoosier Cardinal Corp., supra*, 383 U.S. at 707, 86 S.Ct. at 1114. In any event, Plaintiffs have failed to meet their heavy burden of establishing that retroactivity will retard the operation of the rule. E. g., *Dasho v. Susquehanna Corp.*, 461 F.2d 11, 21 (7th Cir. 1972); *accord, Valencia v. Anderson Bros. Ford, supra* at 1290.

Turning to the third criterion under *Chevron Oil, supra*, Plaintiffs assert that a substantial inequitable result would obtain if the twenty day statute of limitations is applied by the Court, because they have proceeded with costly discovery and the application of a shorter statute of limitations would prevent them from having their day in court.

The fact that Plaintiffs will be barred from litigating the substantive issues of their case because of the application of GCR 769 is not dispositive of the third criterion under *Chevron Oil, supra*. The Court, in *Mitchell, supra*, applied the shorter statute of limitations retroactively to bar Plaintiff's asserted right to pursue his remedy in Court. Since the "Supreme Court is well aware of how to avoid the effects of applying one of its rulings retroactively," *Cates*

v. *Trans World Airlines, Inc.*, 561 F.2d 1064, 1073 (2d Cir. 1977), quoted in *Holzsager v. Valley Hospital*, 646 F.2d 792, 797 (2d Cir. 1981), the declination to do so in *Mitchell, supra*, suggests that the Supreme Court intended its decision to be applied retroactively in most circumstances.

In the instant case, Plaintiffs, after learning of the Tri-City Panel's adverse determination, waited for approximately forty months before commencing this lawsuit. For all of that time, the state of the law in this area was unsettled. Denying Plaintiffs their day in court under these circumstances is not so inequitable as to warrant applying *Mitchell, supra*, non-retroactively in the case at bar.

The decision of this Court is consistent with other cases which have addressed this issue, including *Davidson v. Roadway Express, supra*, and *Scott v. Chrysler, supra*.

Judge Ralph B. Guy, Jr., in *Kennard v. United Parcel Service*, F.Supp., Civil Action No. 81–70156 (E.D.Mich.1981), determined that he would not apply *Mitchell, supra*, retroactively on the basis of the facts that had been presented to him. *Kennard, supra*, is distinguishable from the instant case in at least two respects. First, when Kennard filed his lawsuit [January 15, 1981], *Smart, supra*, had already been decided. Thus, his reliance upon *Smart, supra*, was entirely justified. Second, Judge Guy noted that Plaintiff had initiated his claim against United Parcel sixty days after the results of the arbitration decision had been made known to him. He, therefore, brought suit well within the ninety day period that had been chosen by the Court in *Mitchell, supra*.

■ Plaintiffs, in the case at bar, also argue that, even if Michigan's twenty day statute of limitations governs, their lawsuit was timely filed because Defendants fraudulently concealed certain information from them. Specifically, they contend that Defendants fraudulently concealed the existence of their cause of action against Nu-Car for breach of the collective bargaining agreement and against IBT and 299 for the breach of their duty of fair representation

until the answers to the Complaint were filed.

■ Fraudulent concealment can toll the running of the statute of limitations in Michigan. The Michigan Statute on Fraudulent Concealment (M.C.L.A. § 600.5855; M.S.A. § 27A.5855) provides:

If a person who is or may be liable for any claim fraudulently conceals the existence of the claim or the identity of any person who is liable for the claim from the knowledge of the person entitled to sue on the claim, the action may be commenced at any time within two years after the person who is entitled to bring the action discovers, or should have discovered the existence of the claim or the identity of the person who is liable for the claim although the action would otherwise be barred by the period of limitations.

In *Scott, supra*, the Court, which dealt with the applicability of M.C.L.A. § 600.-5855 as it relates to GCR 769 (the statute of limitations provision which governs here), noted that "Michigan law indicates that the fraud sought to be remedied by the Fraudulent Concealment Statute, M.C.L.A. § 600.-5855, is concealment of the existence of a claim or the identity of a potential defendant," Op. at 8.

In the instant case, Plaintiffs did not allege fraudulent concealment in their Complaint. Moreover, they have failed to assert any fraudulent concealment under Michigan law, which is defined as follows:

Fraudulent concealment means employment of artifice, planned to prevent inquiry or escape investigation, and mislead or hinder acquirement of information disclosing a right of action. The acts relied on must be of an affirmative character and fraudulent.

*DeHaan v. Winter*, 258 Mich. 293, 296, 241 N.W. 923 (1932), citing *Eschenbacher v. Hier*, 363 Mich. 676, 110 N.W.2d 731 (1961); *I.U.U.A.W. of A. v. Wood*, 337 Mich. 8, 59 N.W.2d 60 (1953).

The Sixth Circuit Court of Appeals has rejected claims which are similar to that of

Plaintiffs, most recently in *Echols v. Chrysler Corp.*, 633 F.2d 722 (6th Cir. 1980). There, Plaintiff sued his union and his employer under § 301, claiming that the union had not fairly represented him in settling his discharge case more than seven years earlier. Echols claimed that he was not informed of the effect which his settlement would have on his pension benefits because contributions were not made during the period in which he was off work. Therefore, Echols claimed that the statute of limitations was tolled by the alleged fraudulent concealment of the effect of the settlement, citing M.C.L.A. § 600.5855, the same statute upon which Plaintiffs rely in the instant case. The Sixth Circuit Court of Appeals rejected Echols' claim for two reasons: (1) there was no deliberate attempt by Defendant to mislead him as to the facts of the settlement, and (2) M.C.L.A. § 600.5855 only applied to the "fraudulent concealment of a *cause of action*," and does not apply to the concealment of the details of the evidence, which establish, or seem to establish, that cause of action, 633 F.2d at 725. [Emphasis in original]

The conclusions of the *Echols* Court must apply to the case at hand. *See also Scott v. Chrysler Corp., supra.*

Furthermore, the language of M.C.L.A. § 600.5855 acts to bar its use by Plaintiffs in the instant case. The provision, by its terms, is inapplicable if the party should have discovered the existence of the claim. Here, Plaintiffs had the opportunity to discover the alleged second agreement and should have discovered the claim much sooner than the date when Defendants filed their answers. This position is underscored by Plaintiffs' allegations of fraudulent concealment which rests upon the language of the arbitration award of which they had actual or constructive knowledge on or about the date when the decision was rendered. Their reliance upon M.C.L.A. § 600.-5855 appears to have been misplaced.

This Court need not address the issues which were raised by Plaintiffs' Motion to Strike Affirmative Defenses because its determination with respect to the statute of limitations issue is dispositive.

Therefore, for the reasons as indicated herein, Defendants' Motions for Summary Judgment shall be, and are, granted.

So Ordered.