Frank HARRIS, Jr., Plaintiff,

v.

METROPOLITAN LIFE INSURANCE COMPANY, a Foreign Corporation, Defendant.

Civ. No. 79–72726.

United States District Court, E. D. Michigan, S. D.

March 26, 1980.

Kenneth G. Harlan, Marston, Sachs, Nunn, Kates, Kadushin & O'Hare, Detroit, Mich., for plaintiff.

George Ashford, Dickinson, Wright, Moon, Van Dusen & Freeman, Detroit, Mich., for defendant.

1. The collective bargaining agreement is not part of the record; only excerpts from the supplement are included. Likewise, the meth-

OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COHN, District Judge.

The Court has before it defendant's motion for summary judgment, F.R.Civ.P. 56. The motion raises the question of the right of an individual employee of General Motors Corporation (GM) to assert rights under a group insurance contract between defendant and GM. GM pays the premium and provides the insurance pursuant to its collective bargaining agreement with the International Union, United Automobile, Aerospace and Agriculture Implement Workers of America, UAW (UAW), of which plaintiff is a member.

The motion is supported by affidavits of a Supervisor of the Group Insurance Department of GM, and a Senior Consultant in the General Motors Sickness and Accident Claims Office in Detroit, Michigan of defendant.

In response to the motion plaintiff has filed only a brief.

I.

The undisputed facts are fairly simple. A supplement to the collective bargaining agreement between GM and the UAW requires an "impartial medical opinion in disputed sickness and accident benefit cases which shall be final and binding upon the Corporation, the Union, the insurance company, and the employee." [1]

Plaintiff applied for and received sickness and accident benefits for a time. In early 1979 he was examined by three doctors pursuant to the impartial medical opinion program. As a result of their opinions plaintiff's sickness and accident benefits were terminated on the grounds the opinions disclosed plaintiff was not disabled.

Plaintiff claims, first, that since neither "the plaintiff nor the defendant developed or approved the documents . . . in terms of enforceable duties between the plaintiff

od of computing the premium is not explained. The Court is satisfied that the more the payout under the policy the higher the cost to GM.

and defendant, [they] are of no effect in the determination of plaintiff's claim." Second, he suggests that a close reading of the doctor's reports "casts doubt upon the physician's consensus that [plaintiff] was in fact able to return to his employment." He argues "it would be grossly unfair for plaintiff to be denied benefit based upon such tenuous medical determinations."

## II.

Plaintiff is wrong on both counts.

### A.

Plaintiff is a UAW member. The UAW negotiated the sickness and accident benefits policy. The UAW agreed with GM, that any dispute over the right to benefits would be resolved under the impartial medical opinion program. That agreement is binding on plaintiff. *Field v. Local 652, UAW AFL–CIO*, 6 Mich.App. 140, 148 N.W.2d 552 (1967).

### B.

Defendant followed the procedure provided for in the agreement in resolving plaintiff's claim for benefits under the policy. The doctors chosen under the impartial medical program concluded plaintiff was fit to return to work.[2] Their determination is the same as if an arbitrator has resolved a grievance under the collective bargaining agreement. It is not open to challenge because plaintiff disagrees. *Teamster Local Union No. 30 v. Helms Express, Inc.*, 591 F.2d 211, 216 (3rd Cir. 1979).

Motion GRANTED.

SO ORDERED.

---

2.  The first doctor concluded, "From the strictly psychiatric point of view he is capable of returning to work as of this date, January 3, 1979." The second doctor concluded, "in conclusion, Mr. Frank Harris has a history of hypertension and peptic ulcer. He is not current- ly disabled by these." The third doctor concluded, "I was unable to bring out any indubitably positive physical findings on which to postulate the existence of a currently active disabling orthopedic disease. This clinical contact does not suggest disability."