**Deborah SCHEY, Plaintiff,**

v.

**UNUM LIFE INSURANCE COMPANY OF NORTH AMERICA, Defendant.**

**No. 100 CV 1967.**

United States District Court,
N.D. Ohio,
Eastern Division.

June 4, 2001.

Anthony J. Hartman, Romney C. Cullers, Hermann, Cahn & Schneider, Cleveland, OH, for plaintiff.

Brett K. Bacon, Michael J. Holleran, Frantz Ward, Cleveland, OH, for defendant.

## ORDER

BAUGHMAN, United States Magistrate Judge.

### Introduction

This case comes before the magistrate judge on referral[1] from District Judge Wells for a ruling on plaintiff Deborah Schey's motion to permit discovery[2] and on her motion to stay proceedings on defendant Unum Life's motion for judgment.[3] Unum has opposed those motions.[4] Further, the referral directs the magistrate judge to file a report containing findings of fact and recommendations for disposition on Unum's motion for judgment.[5]

Schey's outstanding motions present the following issues for resolution:

In a case challenging denial of benefits under ERISA, the reviewing court may

---

1. ECF # 25.

2. ECF # 23.

3. ECF # 24.

4. ECF # 27.

5. ECF # 25.

permit discovery of evidence outside the administrative record only to the extent that such evidence supports a procedural challenge on grounds such as lack of due process or bias. Here Schey seeks discovery about the administrator's decision to grant and then deny benefits for a mental disability. Given that Schey's claim seeks benefits for a physical rather than mental disability, does she assert a procedural challenge that justifies discovery?

The Ninth and Eleventh Circuits have developed a test for determining when an administrator's conflict of interest will require a district court to apply the *de novo* standard in reviewing a decision to deny benefits. Has the Sixth Circuit adopted that test and does that test open the door to discovery of evidence outside the administrative record of the mental processes of those involved in the decision to deny benefits?

The Court concludes that Schey has failed to identify a relevant procedural challenge that warrants discovery of evidence outside the administrative record. Further the Court concludes that the Sixth Circuit has not adopted the Ninth and Eleventh Circuits' approach to determining the effect of conflict of interest upon the applicable standard of review and that the law of this Circuit limits discovery of evidence outside the administrative record to evidence supporting a procedural challenge to the administrator's decision. Schey's motions to permit discovery and to stay proceedings are, therefore, denied. The Court orders Schey to file and serve her opposition to Unum's motion for judgment on or before July 2, 2001. Unum may file and serve a reply in support of its motion on or before July 16, 2001.

## Applicable Law

### 1. Discovery relating to procedural challenges

According to precedents of the Sixth Circuit, ERISA benefit actions are substantially limited proceedings that do not involve full trials. In reviewing the administrator's decision to deny benefits, a district court ordinarily limits its review to the evidence contained in the administrative record.[6] In *Wilkins v. Baptist Healthcare System, Inc.,* however, the Sixth Circuit recognized that in the limited circumstances of a procedural challenge to the administrator's decision, some discovery of evidence outside the administrative record may be appropriate:

> The district court may consider evidence outside of the administrative record only if that evidence is offered in support of a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part. This also means that any prehearing discovery at the district court level should be limited to such procedural challenges.[7]

Under *Wilkins,* the discovery must relate to a procedural challenge to the administrator's decision, "such as an alleged lack of due process afforded by the administrator or alleged bias on its part." [8] Other than establishing this guideline for deciding when a court should permit discovery in an ERISA benefits action, the *Wilkins* opinion does little to define the kind of procedural challenge that the plaintiff must assert to justify discovery. *Wilkins* did not involve a request for discovery. Rather, the plaintiff tried to introduce in the district court an affidavit of

6. *Wilkins v. Baptist Healthcare System, Inc.,* 150 F.3d 609, 618 (6th Cir.1998).

7. *Id.* at 619.

8. *Id.*

a physician giving impressions of an MRI generated after the administrator made the decision to deny benefits. The district court refused to consider that affidavit, and the Sixth Circuit affirmed that refusal.[9] The language in the opinion about discovery appears in a discussion of the proper procedure that a district court should use in deciding an ERISA benefits case.

Of the two examples given by the *Wilkins* court of procedural challenges sufficient to justify consideration of evidence outside the administrative record and discovery of such evidence—lack of due process and bias—the only amplification relates to the former. The *Wilkins* decision cites to the Court's earlier opinion in *VanderKlok v. Provident Life and Accident Ins. Co.*,[10] wherein the Court considered evidence outside the administrative record because the administrator failed to provide the insured with proper notice under the plan's hearing procedures. As the Sixth Circuit recently stated in *Brody v. City of Mason,* procedural due process requires adequate notice and an opportunity to be heard.[11] The failure of the administrator to provide the insured with the notices required by the plan and with the opportunity to submit evidence in support of his or her claim before the decision thereon can open the door to additional evidence.

Such a failure of procedural due process justified the consideration of evidence outside the administrative record in *Killian v. Healthsource Provident Administrators, Inc.*[12] There the administrator refused to accept additional information that the insured attempted to submit in support of a request for preauthorization of medical treatment but nevertheless sought out and considered additional information opposing the request. The Sixth Circuit ruled that because the administrator considered additional evidence unfavorable to the insured's request, due process required it to consider additional information supporting the request as well.[13]

The parties have not cited any cases applying the *Wilkins* guideline that deal directly with bias as a basis for considering evidence outside the record or the discovery of such evidence. Rather, both parties discuss cases addressing conflict of interest—the situation where the administrator is responsible for the payments of the benefits claimed—and equate such conflict with the bias referred to in the *Wilkins* opinion.

Assuming the validity of that equation, the decision in *Killian* sheds some light on expanding the record with outside evidence but does not give any guidance on discovery of such evidence. This case did not involve a request for discovery. *Killian* predates the *Wilkins* decision. Nevertheless, as discussed above, the Court did approve of the consideration of evidence outside the record because the administrator had rejected favorable evidence offered by the insured while accepting unfavorable evidence that the administrator had actively sought. In reaching its decision the Court noted the inherent conflict of interest present because the administrator had the responsibility to pay for the benefits sought by the insured.[14] It concluded that the administrator's refusal to consider the insured's evidence could only be explained

9. *Id.* at 614–15.

10. 956 F.2d 610, 617 (6th Cir.1992).

11. 250 F.3d 432 (6th Cir.2001).

12. 152 F.3d 514 (6th Cir.1998).

13. *Id.* at 522.

14. *Id.*

by an improper financial motive arising out of the conflict of interest.[15]

■ The Court in *Killian* made clear that an actual conflict of interest exists whenever the administrator doubles as the payor of the disputed benefits and that a district court must weigh that conflict in deciding if the administrator improperly excluded favorable evidence from the administrative record.[16] *Killian* in effect establishes an irrebuttable presumption that a conflict of interest, or bias if you will, exists whenever the same entity wears both the administrator's hat and the payor's hat. It requires the district court to weigh the existence of that conflict in deciding if the administrator acted improperly. Because of this irrebuttable presumption, no need exists for discovery of evidence to establish it. Conceivably, therefore, the only discovery as to bias or conflict that the *Wilkins* guideline might authorize would occur in a situation where the administrator did not have responsibility for paying the benefits.

**2. Discovery relating to conflict of interest as effecting the applicable standard of review**

In support of her motion for discovery under the guidelines established in *Wilkins,* Schey argues that this Court should adopt the approach taken by the Ninth Circuit in *Lang v. Long Term Disability Plan of Sponsor Applied Remote Technology, Inc.,*[17] which requires an extensive inquiry into the impact of an administrator's conflict of interest upon the decision to deny benefits in determining what standard of review should apply. In a nutshell, *Lang* holds that when evidence shows that a conflict of interest affected the administrator's decision to deny benefits, the court should apply a *de novo* standard of review.[18] Schey reasons that the *Lang* approach necessarily opens the door to discovery relating to an administrator's conflict of interest.

As an initial observation, this argument falls outside the scope of the guidelines set by the Sixth Circuit in *Wilkins.* The *Lang* inquiry does not relate to a procedural challenge to the administrator's decision making. Rather, that inquiry goes to the proper standard that the district court should apply in reviewing the administrator's decision. The discovery contemplated by the Court in *Wilkins,* therefore, does not include discovery directed to the administrator's conflict of interest for purposes of determining the proper standard of review.

The Ninth Circuit in *Lang* applied a test developed in an earlier case—*Atwood v. Newmont Gold Co.*[19] The Supreme Court in *Firestone Tire & Rubber Co. v. Bruch* had observed that "if a benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict must be weighed in determining whether there is an abuse of discretion."[20] The Ninth Circuit in *Atwood* addressed the question of how such weighing should be accomplished.

The solution decided upon by the *Atwood* court provides for a two-part analysis. First, the plaintiff must prove "by material, probative evidence, beyond the mere fact of apparent conflict" that the self-interest caused the administrator to

15. *Id.*

16. *Id.* at 521.

17. 125 F.3d 794 (9th Cir.1997).

18. *Id.* at 798.

19. 45 F.3d 1317 (9th Cir.1995).

20. 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989).

breach a fiduciary duty to the plaintiff.[21] If the plaintiff fails to carry that burden, then the district court applies the traditional abuse of discretion standard.[22] If, however, the plaintiff meets that burden, the burden then shifts to the administrator to produce evidence showing "that the conflict of interest did not affect the decision to deny benefits."[23] If the administrator cannot carry that burden, then *de novo* review applies.[24] In coming up with this test, the Court relied heavily[25] on the Eleventh Circuit's decision in *Brown v. Blue Cross & Blue Shield of Alabama, Inc.*[26]

Unfortunately, Schey makes only a limited argument about the *Lang* case in her motion, and Unum has made no reference to the case in its opposition. Unum does argue that weighing conflict in applying the abuse of discretion standard does not open the door to discovery but does not discuss whether the Sixth Circuit has adopted the *Atwood* test. Schey does not return to the argument in her reply. The parties, therefore, have left the Court to independent inquiry.

The Court can find no indication that the Sixth Circuit has adopted the *Atwood* test. In a relatively recent case—*University Hospitals v. Emerson Electric Co.*—the Court stated that " 'possible conflict of interest' inherent in this situation 'should be taken into account as a factor in determining whether the [EBC's] decision was arbitrary and capricious.' "[27] The Court did not, however, undertake any apparent *At-*

*wood*-type analysis in performing that weighing. Likewise, the Court in *Borda v. Hardy, Lewis, Pollard & Page, P.C.*[28] and *Miller v. Metropolitan Life Ins. Co.*[29] made reference to shaping the abuse of discretion standard to take into account conflict of interest, citing the Eleventh Circuit's decision in *Brown*. In neither of those cases, however, did the Court engage in the inquiry outlined in the *Brown* and *Atwood* cases.

Regardless of whether the Sixth Circuit has adopted the *Atwood* test or not, the question of the appropriate scope of discovery remains. The Court has found no case in either the Ninth Circuit or the Eleventh Circuit discussing what discovery, if any, a district court should permit going to conflict of interest. In light of the Supreme Court's decision in *Firestone*, it seems difficult to imagine that every ERISA claim involving a self-funded plan should involve a free ranging inquiry into the mental processes of those making the challenged benefit decision.

Bottom line, the Court sees nothing in the law of this Circuit that permits discovery of evidence outside the administrative record beyond the guidelines set out in the *Wilkins* case.

### Analysis

■ The memoranda filed by the parties have provided only limited insight into the claims at issue in this case. From

---

**21.** 45 F.3d at 1323.

**22.** *Id.* As the *Atwood* court observed, the terms "arbitrary and capricious" and "abuse of discretion" are interchangeable in the ERISA context and refer to the same standard of review. *Id.* at 1321 n. 1.

**23.** *Id.*

**24.** *Id.*

**25.** *Id.* at 1322.

**26.** 898 F.2d 1556 (11th Cir.1990).

**27.** 202 F.3d 839, 846 (6th Cir.2000).

**28.** 138 F.3d 1062, 1069 (6th Cir.1998).

**29.** 925 F.2d 979, 984 (6th Cir.1991).

Schey's reply,[30] it appears that Unum initially awarded Schey benefits for a physical disability. Under the plan, these benefits could continue until Schey reached the age of 65, a period in excess of 20 years. Unum made a determination that Schey had a mental rather than a physical disability and converted her benefits accordingly. The plan provides for the payment of benefits for a mental disability for a period of only two years. At Unum's insistence Schey began therapy with a psychologist, who opined that she had no mental disability. Thereafter, Unum denied all benefits.

Schey complains that Unum classified her as mentally disabled under an ambiguous policy provision and that its conflict of interest as administrator and payor motivated this reclassification. Her memoranda make clear, however, that she does not want benefits for a mental disability. She believes that she is entitled to benefits for a physical disability. Nevertheless, she argues that her reclassification provides the grounds under *Wilkins* for discovery.

Under *Wilkins* the initial step is the identification of a procedural challenge. Unlike the plaintiff in *Killian*, Schey does not complain that she has additional evidence of her disability that the administrator refused to consider. She has not asserted that she failed to receive appropriate notice or that she did not have an opportunity to be heard. Instead, she disputes the decision of the administrator to classify her as mentally disabled rather than physically disabled. That decision constitutes a substantive determination under the plan, not a procedural decision of the kind referred to in the *Wilkins* decision.

Under the *Wilkins* guideline, a claim of bias unrelated to a procedural challenge will not justify discovery of evidence outside the administrative record. Even if it could, no discovery on Schey's bias claim is necessary. Under *Killian*, the reviewing court must recognize that Unum has an actual conflict of interest. Unum's bias, therefore, is not in dispute.

Furthermore, Schey's bias claim has no relevance to the ultimate issue for decision in this case. Similar to the circumstances in *Killian*, it may well be that the decision to reclassify Schey as mentally disabled can only be explained by improper financial motive. But at this early point in the proceedings, it does not appear that the Court's review of the benefits denial decision will turn on the motivation for that reclassification. Does the medical evidence in the administrative record, analyzed under the appropriate standard of review, support the claim for benefits for physical disability? To paraphrase Hamlet, that is the question. The motivation for the reclassification appears at this juncture not relevant to the resolution of this question, particularly since Schey agrees with Unum's ultimate determination that she has no mental disability.

Finally, because the Sixth Circuit has authorized no discovery directed to evidence outside the administrative record beyond the guidelines set down in *Wilkins*, and further has not adopted the test for determining the impact of a conflict of interest upon the standard of review developed by the Ninth and Eleventh Circuits, this Court will not permit Schey to conduct discovery in support of an argument that the Court should apply a *de novo* standard of review to Unum's decision to deny benefits. The parties should include in their

---

30. ECF # 29, Plaintiff's Reply to Memorandum in Opposition to Motion to Permit Discovery, p. 3.

briefs, however, argument as to how Unum's actual conflict of interest impacts the application of the abuse of discretion standard.

IT IS SO ORDERED.