**Martha Jane MCCANN**

v.

**UNUM LIFE INSURANCE COMPANY OF AMERICA**

No. 1:02–CV–340.

United States District Court, E.D. Tennessee, at Chattanooga.

Oct. 3, 2003.

---

William J. Brown, Brown & Miller, Cleveland, TN, for Martha J. McCann.

Jennifer M. Eberle, Husch & Eppenberger, LLC, Memphis, TN, S. Russell Headrick, Michael K. Alston, Husch & Eppenberger, LLC, Chattanooga, TN, for Unum Life Insurance Company of America.

### MEMORANDUM AND ORDER

CARTER, United States Magistrate Judge.

#### I. Introduction

Plaintiff seeks to compel discovery from the defendant in this action brought under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), alleging wrongful refusal to pay long term disability benefits. (Court File No. 13). Defendant seeks a protective order prohibiting plaintiff's discovery. (Court File No. 10). A hearing was held before the undersigned on Tuesday, September 2, 2003, on the parties' respective motions. Attorneys William Brown for the plaintiff and Russell Headrick for the defendant participated. Subsequent to the hearing and with leave of the Court, the plaintiff submitted an additional brief.

The plaintiff has withdrawn all but questions 7, 8 and 9 of her first set of interrogatories served on defendant. For the reasons stated herein, plaintiff's motion to compel is DENIED as to questions 8 and 9. Plaintiff's motion to compel is GRANTED as to question 7 to the limited extent set forth in this decision. Accordingly, defendant's motion for a protective order is GRANTED as to questions 8 and 9 and DENIED as to question 7.

#### II. Scope and Standard of Review

The plaintiff seeks information from the defendant outside the administrative record in her case in an effort to show bias and/or conflicts of interest on the part of

UnumLife Insurance Company of America ("UnumLife") which affected UnumLife's ability to fairly and accurately evaluate her claim for disability benefits. Question 7 inquires if the defendant pays claims from its own assets or from the assets of a trust. Question 8 inquires if the defendant has ever been found liable for fraudulently failing to pay a claim. Question 9 inquires if the defendant within the past five years has been found by any state insurance regulatory agency to have violated any state insurance regulations concerning the proper handling of claims.

■ Pursuant to federal statute, the administrator of a plan who receives a written request from a plan participant must furnish the latest copy of the summary plan description to the participant. 29 U.S.C. § 1024(b)(4). The summary plan description must contain, *inter alia*, the name and address of the plan administrator and the trustee, if there is a trustee; the source of financing of the plan; and the identity of any organization through which benefits are provided. 29 U.S.C. § 1022(b). Consequently, the plaintiff is entitled to the information sought in Question 7. To the extent that the defendant has not provided the plaintiff with a summary plan description which contains the above information, the defendant shall do so immediately and identify with specificity for the plaintiff that portion of the summary plan description which provides the requested information. To the extent the defendant has already provided a summary plan description which sets forth the requested information, the defendant shall identify with specificity for the plaintiff that portion of the summary plan description where the information can be found.

■ Questions 8 and 9, which seek discovery from the defendant outside the administrative record of plaintiff's claim, present a much more difficult issue than does question 7. Generally, parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. Fed.R.Civ.P. 26(b)(1). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* In actions filed under ERISA seeking review of a denial of benefits, however, the usual discovery parameters do not apply. In such cases, a court's review of a decision to deny benefits under a qualified employee welfare benefits plan is limited generally to the administrative record upon which the decision below was based. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989); *University Hosps. of Cleveland v. Emerson Elec. Co.*, 202 F.3d 839, 845 n. 1 (6th Cir.2000); *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 615 (6th Cir.1998). "The only exception to the above principle of not receiving new evidence at the district court level arises when consideration of the evidence is necessary to resolve an ERISA claimant's procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part." *Wilkins*, 150 F.3d at 618. Where the administrator or fiduciary is given discretionary authority to determine eligibility for benefits, as is Unum in this case, the administrator's or fiduciary's decision to deny benefits is reviewed by the court under an arbitrary and capricious standard. *Bruch*, 489 U.S. at 115, 109 S.Ct. 948; *University Hosps. of Cleveland*, 202 F.3d at 845; *Peruzzi v. Summa Medical Plan*, 137 F.3d 431, 433 (6th Cir.1998). Bias, conflicts of interest and denial of due process on the part of the plan administrator are relevant factors for the court to consider in deciding whether the decision to deny plaintiff benefits was arbitrary and capricious. *Bruch*, 489 U.S. at 115, 109 S.Ct. 948; *University Hosps. of Cleveland*

202 F.3d at 846; *Peruzzi,* 137 F.3d at 433; *Killian v. Healthsource Provident Adm'rs, Inc.,* 152 F.3d 514, 521–522 (6th Cir.1998).

In *Wilkins v. Baptist Healthcare Sys., Inc.,* 150 F.3d 609, 615 (6th Cir.1998), the district court granted defendant summary judgment on the plaintiff's claim that he was entitled to ERISA disability benefits under an insurance plan as a result of a disabling shoulder injury. The plaintiff/appellant asserted the district court had erroneously refused to consider a doctor's affidavit describing the doctor's impressions of an MRI of his shoulder. Writing for the majority of the three judge panel, Judge Cole held that the district court had properly excluded this additional medical evidence because it was submitted after the plan administrator's final decision denying benefits and was, therefore, not part of the administrative record. *Id.* at 615. The Court, through Judge Cole, then reviewed the administrative record and held the plan administrator had not erred in denying benefits and affirmed the judgment of the district court. *Id.* at 613–14.

Judge Gilman wrote a separate concurring opinion in *Wilkins* joined by Judge Ryan which constitutes the majority opinion of the court for purposes of the matters addressed therein. *See Wages v. Sandler O'Neill & Partners, L.P.,* 2002 WL 339221 *3 n. 2 (6th Cir.2002). Judge Gilman stated that the only exception to considering evidence outside the administrative record arises where evidence is offered in support of a procedural challenge to an administrator's decision, such as an alleged lack of due process or bias on the part of the administrator. *Id.* at 618 and 619.

The Sixth Circuit has affirmed decisions by district courts not to consider additional *medical* evidence outside the administrative record where such evidence has been offered on the substantive merits of the plaintiff's ERISA claim. *See e.g., Pe-*

*ruzzi v. Summa Medical Plan,* 137 F.3d 431, 434–35 (6th Cir.1998) (district court properly refused to consider doctors' depositions on proper chemotherapy dosage where such depositions were not part of the administrative record.) Conversely, the Sixth Circuit has allowed consideration of additional medical evidence outside the record where it was determined from the administrative record that the administrator denied the plaintiff due process. *See e.g., Killian v. Healthsource Provident Adm'rs, Inc.,* 152 F.3d 514 (6th Cir.1998) (where company applied the wrong procedural rules to the plaintiff's request for pre-approval of medical treatment and rejected information from the plaintiff on the treatment's efficacy while continuing to gather information on its own, plaintiff was entitled to submit additional medical evidence for consideration.) Unfortunately, I have been unable to find within the Sixth Circuit a single decision from a court which has actually dealt with the issue of whether to consider evidence outside the administrative record of a conflict of interest, bias, or a denial of due process on the part of the plan administrator. Nevertheless, though not factually on point, numerous courts within the Sixth Circuit have acknowledged *Wilkin's* language permitting the consideration of outside evidence on procedural challenges. None have disagreed with it and many seem to regard it as the law in the Sixth Circuit on the subject. *See e.g., Waters v. Pension Benefit Guar. Corp.,* 2002 WL 1775262, *1 (E.D.Tenn.2002) (Collier, J.) ("The district court may consider evidence outside of the administrative record only if that evidence is offered in support of a procedural challenge to the administrator's decision," quoting *Wilkins); Parker v. Union Planters Corp.,* 203 F.Supp.2d 888, 895 (W.D.Tenn.2002) (stating in reliance on *Wilkins,* the court "may not admit or consider evidence not presented to the

administrator, except where there is a procedural challenge to the administrator's decision"); *Brooks v. General Motors Corp.*, 203 F.Supp.2d 818, 823 (E.D.Mich. 2002) (stating in reliance on *Wilkins*, "[i]f a procedural challenge is alleged, such as lack of due process afforded by the administrator or bias on its part, only then may the district court consider evidence outside the administrative record."); *Heffernan v. UNUM Life Ins. Co. of America*, 2001 WL 1842465, *2 (S.D.Ohio 2001) (stating in reliance on *Wilkins* that "[t]he Court may consider documents not before the administrator only to the extent that they bear on procedural issues"); *Serbin v. Fortis Benefits Ins. Co.*, 79 F.Supp.2d 864, 867 n. 1 (N.D.Ohio 2000) ("The *Wilkins* court did... indicate that a court may consider evidence outside of the administrative record when that evidence 'is offered in support of a procedural challenge to the administrator's decision...'"); *Monks v. Keystone Powdered Metal Co.*, 78 F.Supp.2d 647, 649 n. 2 (E.D.Mich.2000) (stating in reliance on *Wilkins* that a court could consider evidence outside the administrative record only if it has "bearing on a procedural challenge to the administrator's decision."); *Syska v. NCR Corp.*, 1999 WL 33117267 * 4 n. 3 (S.D.Ohio 1999) (stating in reliance on *Wilkins* that the only exception to limiting review to the administrative record is where consideration of other evidence is necessary to resolve a claimant's procedural challenge to the administrator's decision).

 Finally, there are two competing interests raised by the plaintiff's motion. The policy rationale for constraining a court's review to the administrative record was articulated by the Sixth Circuit in *Perry v. Simplicity Eng'g*, 900 F.2d 963, 967 (6th Cir.1990): "A primary goal of ERISA was to provide a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expedi-

tiously. Permitting or requiring district courts to consider evidence from both parties that was not presented to the plan administrator would seriously impair the achievement of that goal." (Internal citation omitted). At the same time, "ERISA was enacted to promote the interests of employees and their beneficiaries in employment benefit plans and to protect their contractually defined benefits." *Bruch*, 489 U.S. at 113, 109 S.Ct. 948 (internal citation omitted). In this regard, courts have the duty to review decisions denying ERISA benefits for conflicts of interest, bias and denial of due process, *i.e.* procedural irregularities, on the part of the plan administrator or fiduciary. "Courts should be particularly vigilant in situations where ... the plan sponsor bears all or most of the risk of paying claims, and also appoints the body designated as the final arbiter of such claims. Under these circumstances, the potential for self-interested decision-making is evident." *University Hosps. of Cleveland v. Emerson Elec. Co.*, 202 F.3d 839, 847 n. 4 (6th Cir.2000). A rule requiring courts to ignore evidence of serious procedural irregularities solely because they are not apparent on the face of the record seems extreme and would unduly tie the courts' hands in conducting its duties under ERISA. On the other hand, mindful of the goal to expeditiously and inexpensively resolve disputes over ERISA benefits, I do not suggest a claimant is entitled to discovery on the sole ground that the decision maker of plaintiff's claim is also the payor of benefits. In *Wilkins*, Judge Gilman, writing for the majority, stated:

> The district court may consider evidence outside of the administrative record only if that evidence is offered in support of a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part. This also

means that any prehearing discovery at the district court level should be limited to such procedural challenges.

*Wilkins,* 150 F.3d 609, 619 (6th Cir.1998). This language implies a claimant must identify the specific procedural challenge(s) about which he complains and that discovery must then be limited to those procedural challenges.[1] *See Schey v. Unum Life Ins. Co. of North America,* 145 F.Supp.2d 919, 924–25 (N.D.Ohio 2001) (holding sole fact that administrator/decision maker is also payor does not entitle plaintiff to discovery; pursuant to *Wilkins,* plaintiff must first identify specific procedural challenges before discovery as to those alleged procedural deficiencies will be permitted); *see also* Fed.R.Civ.P. 26(b)(1) ("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.") Because the Supreme Court has held that a conflict of interest on the part of a plan administrator is a relevant factor for a court to consider when reviewing an administrator's decision to deny benefits, *Bruch,* 489 U.S. at 115, 109 S.Ct. 948, it stands to reason that discovery of a specifically identified conflict of interest on the part of the administrator is permissible where a claimant can show good cause to believe such a conflict of interest may exist.

◼ In light of the authority discussed herein and the two competing interests at issue in plaintiff's motion, I reach the following conclusion: 1) where a claimant identifies specific procedural challenges concerning an administrator's or fiduciary's decision to deny ERISA benefits, and 2) the claimant makes an initial showing to the court that he has a reasonable basis to make such procedural challenges, then good cause exists to permit the plaintiff to

conduct appropriate discovery. Appropriate discovery is discovery that is strictly circumscribed to obtain potential evidence concerning the identified procedural challenges. Under these circumstances, discovery which requests the administrator or fiduciary to rehash the medical reasons for its denial of the plaintiff's claim is not appropriate.

### III. Application

Plaintiff has attached to his motion two recent newspaper articles. One article reports defendant has been sued by numerous claimants for wrongfully denying disability claims and some large judgments in various places across the country have been entered against the defendant. Another article reports that several state insurance regulatory agencies are examining the defendant's review process and one state regulatory agency has fined defendant for improper claims handling practices.

◼ Neither of these articles identifies any specific procedural problem concerning the manner in which the defendant processes disability claims. Nor are plaintiff's interrogatories targeted to obtain discovery about a specific procedural deficiency. Questions 8 and 9, which ask for information concerning lawsuits and state regulatory action taken against defendant, are very broad in scope, failing to take into account the need to tailor discovery narrowly to fit an identified and specific procedural irregularity. Such discovery is inappropriate in an ERISA case.

This decision does not prohibit the plaintiff from seeking the information it wants from other sources. The plaintiff is free to contact other plaintiffs and state insurance regulatory agencies for information con-

---

1. I use the term "procedural challenges" like Judge Gilman in *Wilkins* did to include bias or conflict of interest on the part of the claims administrator or fiduciary as well as a denial of due process.

cerning their own investigations of the defendant's practices. Such work on the plaintiff's part may or may not reveal specific procedural challenges which the plaintiff could raise in her own case. Whether such evidence ultimately would be admissible for purposes of the District Court's review of the defendant's decision and whether such evidence would change the standard of review used by the District Court are matters which the District Court would address.

### IV. Conclusion

For the reasons stated and to the extent set forth herein, plaintiff's motion to compel is DENIED in part and GRANTED in part and defendant's motion for a protective order is DENIED in part and GRANTED in part.

SO ORDERED.